THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRY CARTRETTE TINDALL, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action |
| | : | No. 5:10-cv-44 (CAR) |
| H & S HOMES, LLC, *et al.*, | : | |
| Defendants. | : | |

**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants have moved the Court to grant judgment on the pleadings, based on their contention that Plaintiff's Complaint fails to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Upon review of the Complaint, the Court finds that it provides sufficient factual detail to meet the requirements of Rule 9(b). Accordingly, Defendants' Motion for Judgment on the Pleadings (Doc. 33) is hereby **DENIED**.

Rule 9(b) provides that a party pleading fraud in a complaint "must state with particularity the circumstances constituting fraud." The application of Rule 9(b), however, "must not abrogate the concept of notice pleading." Durham v. Business Mgmt. Associates, 847 F.2d 1505, 1511 (11th Cir. 1988). Ordinarily, in fraud cases involving allegations of affirmative misrepresentations and reliance, the party pleading fraud must provide some detail about the precise statements made, the time and place they were made, and the way in which they misled the plaintiff. See e.g. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001). Such allegations as to date, place, or time may meet the particularity requirements of Rule 9(b) in the typical fraud case, but "plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their

1

allegations of fraud." Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3rd Cir. 1984) (cited in Tello v. Dean Witter Reynolds, Inc., 494 F.3d 956, 972-3 (11th Cir. 2007)).

This case is not a typical fraud case, in that it does not involve fraudulent representations meant to induce reliance, but rather involves fraudulent conveyances meant to evade a legal judgment. There are no statements or representations to be pleaded with specificity. Instead there are transactions. The transactions at issue in this case are identified with sufficient particularity to inject precision and some measure of substantiation into Plaintiff's claims. The Complaint is in fact quite detailed. It is eighteen pages long and enumerates seventy-four numbered paragraphs.

These allegations describe several transactions or series of transactions alleged to be fraudulent. First, the Complaint alleges that Defendants caused H & S Homes to stop doing business and turned all of its business over to a newly-created corporation, Triangle Homes, LLC, in January and February 2007. Complaint ¶ 29. Second, the Complaint alleges that the Defendants conspired to allow the parent company of H & S Homes to obtain a default judgment against H &S Homes in the amount of $22,003,000.00, in January 2005. Complaint ¶¶ 30, 31. Third, the Complaint alleges that shortly after the creation of Triangle Homes, in January 2007, the Defendants caused substantially all of the assets of H &S Homes to be sold at auction, where most of it was purchased by other Horton-affiliated companies at "grossly inadequate prices." Complaint ¶ 42. Fourth, the Complaint alleges that H &S Homes transferred at least $8,000,000.00 from its accounts to the accounts of its parent company, Horton Homes, rendering H & S Homes insolvent. Complaint ¶ 43. In a proposed amendment to the Complaint, authorized by the Court in a separate Order contemporaneous with this Order, Plaintiff adds additional detail, identifying specific dates and amounts of specific property transfers by H & S Homes.

2

The detail in the Complaint and in the amendment is sufficient to meet the pleading requirements of Rule 9(b) and more than adequate to place the Defendants on notice of the claims against them. Accordingly, Defendants' Motion for Judgment on the Pleadings is denied.

It is SO ORDERED this 5th day of October, 2010.

        S/ C. Ashley Royal
        C. ASHLEY ROYAL, JUDGE
        UNITED STATES DISTRICT COURT

chw