UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERRY CARTRETTE TINDALL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:10-CV-44 |
| ) | |
| v. ) | Hon. C. Ashley Royal |
| ) | |
| H&S HOMES, LLC, HORTON HOMES, ) | |
| INC., HORTON INDUSTRIES, INC., N. ) | |
| DUDLEY HORTON, JR., STEVE M. ) | |
| SINCLAIR, BEST VALUE HOUSING, ) | |
| INC., HORTON-AMERICAN ) | |
| PROPERTIES, LLC, TRIANGLE HOMES, ) | |
| LLC, REGAL HOMES, LLC, NEW ) | |
| GENERATION HOMES, LLC, ) | |
| AMERICAN REAL ESTATE ) | |
| INVESTMENT COMPANY, LTD., L.P., ) | |
| THE MAUDE H. HICKS FAMILY ) | |
| TRUST, THE N. D. HORTON ) | |
| REVOCABLE TRUST, and THE ROBERT ) | |
| DUDLEY HORTON TRUST, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT MOTION
FOR ORDER OF RECUSAL REGARDING ISSUE CONCERNING
DEFENDANTS' ATTORNEY-CLIENT PRIVILEGE RAISED BY
PLAINTIFF'S MOTION TO COMPEL DOCUMENTS UNDER F.R.C.P. 37
[DOC. NO. 79] AND DEFENDANTS' RESPONSE [DOC. NO. 91]**

COME NOW Defendants H&S Homes, LLC; Horton Homes, Inc., Horton

Industries, Inc., N. Dudley Horton, Jr., Steve M. Sinclair, Best Value Housing,

Inc., Horton-American Properties, LLC, Triangle Homes, LLC, Regal Homes,

LLC, New Generation Homes, LLC, American Real Estate Investment Company,

Ltd., L.P., The Maude H. Hicks Family Trust, The N. D. Horton Revocable Trust, and The Robert Dudley Horton Trust (collectively, "Defendants"), and file this their "Motion for Order of Recusal Regarding Issue Concerning Defendants' Attorney-Client Privilege Raised by Plaintiff's Motion to Compel Documents Under F.R.C.P. 37 [Doc. No. 79] and Defendants' Response [Doc. No. 91]" ("Motion") and respectfully show the Court as follows:

I.    **RELIEF SOUGHT.**

1.

Defendants seek an Order under 28 U.S.C. § 455 by which this Court recuses itself from any decision regarding application of the fraud exception to Defendants' attorney-client privilege as raised by Plaintiff's "Motion to Compel Defendants Under F.R.C.P. 37" [Doc. No. 79], and "Defendants' Response in Opposition to 'Plaintiff's Motion to Compel Defendants Under F.R.C.P. 37' [Doc. No. 79]" [Doc. No. 91] on grounds as set forth below. By this Motion, Defendants do not seek an Order requiring this Court to recuse itself from this entire case, unless this Court concludes that the Eleventh Circuit would follow the Ninth Circuit rule that recusal cannot be piecemeal, and must be for the entire case.[1]

---

[1] There is currently a split among the circuits regarding whether a court can order recusal from only a part of a case or whether recusal must be total. *Compare*: *United States v. Feldman*, 983 F.2d 144, 145 (9th Cir. 1992) ("when a judge

**II.     GROUNDS.**

    **A.     In Determining Whether to Conduct an *In Camera* Review of Documents, the Court Must be Able to Objectively Determine Whether the Plaintiff Has Made a Preliminary *Prima Facie* Showing of Fraud *Independently in this Case* and Without Reference to the Court's Prior *In Camera* Review.**

2.

The issue of whether a portion of the Defendants' attorney-client privilege should be vitiated on the grounds of the fraud exception is pending before this Court by virtue of "Plaintiff's Motion to Compel Defendants Under F.R.C.P. 37" [Doc. No. 79], ("Plaintiff's Motion to Vitiate Privilege"), and "Defendants' Response and Opposition to 'Plaintiff's Motion to Compel Defendants Under F.R.C.P. 37' [Doc. No. 79]" [Doc. No. 91] ("Defendants' Opposition"). Defendants' Opposition was filed October 28, 2010.

3.

This issue will have a multitude of serious ramifications in this case, affecting strategy, witnesses, expert witnesses, withdrawal or disqualification of

---

determines that recusal is appropriate it is not within his discretion to recuse by subject matter or only as to certain issues and not others."); *Ellis v. United States*, 313 F.3d 636, 641-42 (1st Cir. 2002) (stating that "[t]he majority view, however, supports the availability of [partial recusal as] a case-management device.") (citations omitted). The Eleventh Circuit has not ruled directly on this issue, but has cited *U.S. v. Feldman, supra,* for the proposition that "when a district judge considers recusal, he must consider his potential conflict with regard to the overall case, not just his potential conflict for each separate issue or each stage of the litigation." *See Murray v. Scott*, 253 F.3d 1308, 1310-11 (11th Cir. 2001).

counsel, and other matters.

4.

In order to accomplish vitiation of portions of Defendants' attorney-client privilege on grounds of the fraud exception, Plaintiff must make a two pronged *prima facie **evidentiary*** showing under applicable Eleventh Circuit authority:

> ***First***, there must be a *prima facie* showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice.  ***Second***, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.

*United States v. Cleckler*, 265 Fed. App. 850, 853 (11th Cir. 2008) (citations omitted) (emphasis added).  *See also Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994); *In re Federal Grand Jury Proceedings*, 938 F.2d 1578, 1581 (11th Cir. 1991); *In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987).

5.

As shown in previous filings,[2] Defendants contend that this Court should not

---

[2] *See* Defendants' Objection and Motion to Exclude *In Camera* Review Prior to Finding of *Prima Facie* Showing Regarding Applicability of Fraud Exception to Attorney-Client Privilege [Doc. No. 68] ("Motion to Exclude *In Camera* Review Prior to Finding of *Prima Facie* Showing"); "Defendants' Memorandum in Support of Objection and Motion to Exclude *In Camera* Review Prior to Finding of *Prima Facie* Showing Regarding Applicability of Fraud Exception to Attorney-Client Privilege [Doc. No. 69]; and Defendants' Opposition [Doc. No. 91].

conduct an *in camera* inspection of privileged documents until **after** Plaintiff Tindall has made the required *prima facie* showing regarding both prongs of the fraud exception. *United States v. Zolin*, 491 U.S. 554, 572 (1989); *Cox v. Adm'r U.S. Stell & Carnegie*, 17 F.3d 1385, 1417 (11th Cir. 1994) ("**Before** engaging in *in camera* review to determine the applicability of the crime-fraud exception, the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies. ***Once that showing is made***, the decision whether to engage in *in camera* review rests in the sound discretion of the district court.") (emphasis added).

6.

In previous litigation pending in this Court in the name and style *Christina McDonald v. H&S Homes, et al.,* Civil Action No. 5:08-CV-298 (CAR) ("*McDonald Litigation")*, this Court entered its November 23, 2009 decision reported at 2009 WL 4251174 (M.D. Ga. 2009) ("*McDonald Fraud Exception Order*"). Because the *McDonald* Fraud-Exception Order was not a final order subject to appeal, the Defendants in the *McDonald Litigation* filed a Petition for Writ of Mandamus seeking appellate review of the *McDonald Fraud-Exception Order*; however, the *McDonald* case settled prior to disposition of the Petition for Writ of Mandamus, without any ruling by this Court on the merits of any

substantive issue in the *McDonald Litigation.*

7.

In the *McDonald Litigation,* the Court conducted an *in camera* review of 81 documents submitted by Defendants pursuant to this Court's Order.  *McDonald,* 2009 WL 4251174 *6-8.

8.

Pursuant to this Court's Order in this instant case, Defendants have identified 103 documents which will be made available to this Court to be held for *in camera* review, and have filed their Motion to Exclude *In Camera* Review Prior to Finding of *Prima Facie* Showing, and supporting Brief. [Doc. Nos. 68, 69.]

9.

Of the 103 privileged documents which are being made available to this Court for *in camera* inspection in this instant case, the first 81 documents (*i.e.,* Tabs 1 through 81 submitted for *in camera* inspection) were the same documents this Court inspected *in camera* in the *McDonald Litigation.*  As announced by the Court, this Court has retained possession of those 81 documents inspected *in camera* in the *McDonald Litigation.*  (September 24, 2010 Minute Entry p. 1 [Doc. No. 75].)

10.

In the *McDonald Fraud Exception Order* this Court inspected all of the

documents submitted *in camera* in the *McDonald Litigation,* which documents comprised 81 of the 103 documents identified thus far in this instant case.  The Court's discussion in the *McDonald Fraud Exception Order* makes clear that this Court concluded the documents resulting from its *in camera* inspection impacted the ruling on the fraud exception to attorney-client privilege in the *McDonald Litigation.*

11.

In this instant case, Plaintiff has repeatedly urged this Court to rely on its *in camera* inspection in the **McDonald Litigation** as a **basis** for **vitiating attorney-client privilege in this case.**[3]  Further, in a dramatic reversal of position, Plaintiff now argues that this Court can conduct an *in camera* inspection **as a part of** its initial analysis regarding whether or not Plaintiff has made a *prima facie* case to vitiate attorney-client privilege.[4]

---

[3] *See* Plaintiff's "Brief in Support of Its (*sic*) Motion to Compel Defendants Under F.R.C.P. 37" [Doc. No. 79-2] at p. 4 (Plaintiff argues that she "should be able to rely on the partial quotation of the Williams-Sinclair memo and letter which is quoted in the *McDonald* Order as additional proof and cumulative proof that this Court should inspect the documents and determine that the fraud exception applies.").

[4] *See* Plaintiff's "Response to Notice of Plaintiff's Failure to Oppose or Otherwise Respond to Defendants' Objection and Motion to Exclude *In Camera* Review Prior to Finding of *Prima Facie* Showing Regarding Applicability of Fraud Exception to Attorney-Client Privilege [Doc. No. 68] and Request for Order" [Doc. No. 84] at pp. 2-3 ("Plaintiff contends that *in camera* review may be used by the Court in determining whether the fraud exception applies provided there is an initial

12.

Contrary to Plaintiff's present position, controlling law ***prohibits*** this Court from conducting an *in camera* review of privileged documents until after Plaintiff is found to have presented a *prima facie* case or application of the fraud-exception, without reference to documents submitted for *in camera* inspection or relying on knowledge that the Court gained as a result from its *in camera* inspection in the *McDonald Litigation*.  *See,* cases cited in ¶ 5 above, and supporting memorandum filed simultaneously herewith.

> B. **This Court Cannot Divorce Itself from its Prior Knowledge from its Previous *In Camera* Review and therefore Cannot Objectively and Without Bias Preside over Plaintiff's Attempt to Vitiate Defendants' Privilege**.

13.

Under 28 U.S.C. § 455(a):

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

---

showing that *in camera* inspection may yield evidence that the fraud exception applies. . ." and citing to "this Court['s] [findings] in *McDonald* on the same facts [that] these transactions reek of fraud" to support her claim that "these findings are more than enough to allow *in camera* inspection of the documents listed on the privilege log.")

14.

Defendants' respectfully submit that a reasonable person would believe that this Court's *in camera* inspection of privileged documents in the *McDonald* case as described in the *McDonald Fraud Exception Order* would be such that the Court's findings and conclusions from that *in camera* inspection could not be disregarded by this Court in determining whether Plaintiff had ***first*** made the required *prima facie* showing to vitiate attorney-client privilege ***in this case***.  Indeed, as discussed above, Plaintiff has improperly ***invited*** the Court to rely on and its findings from its *in camera* review in the *McDonald* case in order to make its *prima facie* showing of fraud – which Plaintiff admittedly cannot make otherwise. *See Murray v. Scott*, 253 F.3d 1308, 1312-1313 (11th Cir. 2001) (judge should have recused himself based on fact that, while serving as government attorney, he had appeared as counsel of record in action in which corporation was party, possibly giving him knowledge of facts disputed in instant action); *In re St. Johnsbury Trucking Co., Inc.*, 184 B.R. 446, 455 n.17 (D. Vt. 1995) (after conducting *in camera* review of documents to determine whether, based on their contents, they should be turned over pursuant to crime-fraud exception to attorney-client privilege, it would be inappropriate for same judge to review materials and to be ultimate decision-maker in proceeding, and, thus, matter of *in camera* review would be turned over to another judge).

15.

For the aforesaid reasons, and the grounds shown in their supporting memorandum, Defendants' respectfully submit that a reasonable person would question this Court's impartiality in deciding issues regarding whether to vitiate Defendants' attorney-client privilege in this case, as framed by Plaintiff's Motion to Vitiate Privilege [Doc. No. 79] and Defendants' Opposition [Doc. No. 91].

WHEREFORE, the Defendants pray:

(1) That this Court grant this Motion;

(2) That this Court enter an Order recusing itself from and any decision regarding application of the fraud exception to Defendants' attorney-client privilege; and

(3) That the Court grant other and further relief as is just and proper.

Dated this 1st day of November, 2010.

Respectfully submitted,

By: */s/ Jimmy L. Paul*
JIMMY L. PAUL
*Georgia Bar No. 567600*

Chamberlain Hrdlicka White
  Williams & Martin
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (facsimile)
jimmy.paul@chamberlainlaw.com

By: */s/ John T. McGoldrick, Jr.*
JOHN T. McGOLDRICK, JR.
*Georgia Bar No. 492650*

Martin Snow
240 Third Street
Macon, Georgia 31201
(478) 749-1716
(478) 743-4204 (facsimile)
jtmcgoldrick@martinsnow.com

*Counsel for Defendants H&S Homes, LLC, Horton Homes, Inc., Horton Industries, Inc., N. Dudley Horton, Jr., Steve M. Sinclair, Best Value Housing, Inc., Horton-American Properties, LLC, Triangle Homes, LLC, Regal Homes, LLC, New Generation Homes, LLC, American Real Estate Investment Company, Ltd., L.P., The Maude H. Hicks Family Trust, The N. D. Horton Revocable Trust, and The Robert Dudley Horton Trust*

By: */s/ Duke R. Groover, Jr.*
     DUKE R. GROOVER, JR.
     *Georgia Bar No. 313225*

James Bates Pope Spivey LLP
231 Riverside Drive
Macon, Georgia  31201
(478) 749-9931
(478) 742-8720 (facsimile)
dgroover@jbpslaw.com
lgills@jbpslaw.com

*Counsel for Defendants H&S Homes, LLC and Steve M. Sinclair*

350873.1
730302-000063:10/29/2010

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned has filed with the Clerk using the CM/ECF system a true and correct copy of "Defendants' Joint Motion for Order of Recusal Regarding Issue Concerning Defendants' Attorney-Client Privilege Raised by Plaintiff's Motion to Compel Documents Under F.R.C.P. 37 [Doc. No. 79] and Defendants' Response [Doc. No. 91]" and has served the following via the CM/ECF system on the following parties:

| | |
|---|---|
| F. Kennedy Hall | Richard M. Lovelace, Jr. |
| Hall, Bloch, Garland &Meyer, LLP | Law Offices of Richard M. Lovelace |
| 577 Mulberry Street, Suite 1500 | P.O. Box 1704 |
| Macon, Georgia  31208-5088 | Conway, South Carolina 29526 |
| | |
| Duke R. Groover, Jr. | Peter L. Hearn |
| James Bates Pope Spivey LLP | Hearn, Brittain & Martin, P.A. |
| 231 Riverside Drive | 1206 Third Avenue |
| Macon, Georgia  31201 | Conway, South Carolina 29526 |

Dated this 1st day of November, 2010.

By:   */s/ Jimmy L. Paul*
       JIMMY L. PAUL
       *Georgia Bar No. 567600*

*Counsel for Defendants H&S Homes, LLC, Horton Homes, Inc., Horton Industries, Inc., N. Dudley Horton, Jr., Steve M. Sinclair, Best Value Housing, Inc., Horton-American Properties, LLC, Triangle Homes, LLC, Regal Homes, LLC, New Generation Homes, LLC, American Real Estate Investment Company, Ltd., L.P., The Maude H. Hicks Family Trust, The N. D. Horton Revocable Trust, and The Robert Dudley Horton Trust*

- 2 -

Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (Facsimile)
jimmy.paul@chamberlainlaw.com