THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| TERRY CARTRETTE TINDALL, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | Civil Action |
| | : | No. 5:10-cv-44 (CAR) |
| H & S HOMES, LLC, *et al.*, | : | |
| Defendants. | : | |

**ORDER ON MOTION TO EXCLUDE *IN CAMERA* REVIEW PRIOR
TO FINDING A PRIMA FACIE SHOWING OF APPLICABILITY
OF FRAUD EXCEPTION TO THE ATTORNEY-CLIENT PRIVILEGE**

Through the motion currently before the Court, Defendants seek an order precluding *in camera* review of attorney-client communications in this case unless Plaintiff Tindall first makes a prima facie showing that the crime-fraud exception to the attorney-client privilege applies to those communications. Defendants are, in essence, requesting that the Court enter an order simply declaring that it will follow the applicable law when deciding the privilege issue. Though Defendants' Motion is completely unnecessary, the Court will nonetheless grant it, if for no other reason, to clarify the procedural process and relevant standard that will be applied before the Court conducts any *in camera* review.

Georgia's law of privilege controls in this case. Rule 501 of the Federal Rules of Evidence provides that "in civil actions and proceedings with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, state, or political subdivision thereof shall be determined in accordance with State law." In a

1

diversity action, therefore, "state law governs the privileged nature of materials sought in discovery." In re Fink, 876 F.2d 84, 85 (11th Cir. 1989).

Under Georgia law, *in camera* review may be used to determine whether the crime-fraud exception to the attorney-client privilege is applicable to attorney-client communications requested during discovery. In re Hall County Grand Jury Proceedings, 175 Ga. App. 349, 351, 333 S.E.2d 389, 392 (1985); see also Southern Guar. Ins. Co. of Georgia v. Ash, 192 Ga. App. 24, 28, 383 S.E.2d 579 (1989). However, before a trial court may conduct an *in camera* review, the party opposing the privilege must first make a preliminary showing, without the allegedly privileged material, that "the communication was made in furtherance of illegal or fraudulent activity." Hall County, 175 Ga. App. at 351. This does not mean that the party opposing the privilege is required to prove the existence of a crime or fraud in order to overcome a claim of privilege. Id. A lesser evidentiary showing is needed to trigger *in camera* review than is required to ultimately overcome the privilege. See id.; see also United States v. Zolin, 491 U.S. 554, 574-75, 109 S.Ct. 2619, 2632, 105 L.Ed.2d 469 (1989). Thus, while a prima facie showing must be more than a mere allegation of fraud, it does not need to be conclusive proof of fraud.

Accordingly, to support the charge of fraud, the party opposing the privilege needs to present prima facie evidence that the charge has "some foundation in fact." Atlanta Coca-Cola Bottling Co. v. Goss, 50 Ga. App. 637, 639 (1935). "There must be something to give colour to the charge." Id. Once this showing is made, "the seal of secrecy is broken." Rose v. Commercial Factors of Atlanta, Inc., 262 Ga. App. 528, 530, 586 S.E.2d 41 (2003). Then, the decision whether to conduct an *in camera* review rests in the sound discretion of the trial court. Rose, 262 Ga. App. at 530; Zolin, 491 U.S. at 574-75.

Although Georgia law governs in this case, the choice of law is of little consequence. The

decisions of federal courts concerning the crime-fraud exception are largely consistent with the holdings of Georgia courts. Georgia courts have even looked to federal law when developing the standard. See Hall County, 175 Ga. App. at 351 ("[W]e hereby adopt the rationale of the above-cited federal cases as the law of this State"). Like Georgia law, federal law requires a prima facie showing that the crime-fraud exception to the attorney-client privilege applies before *in camera* review of attorney-client communications. The party opposing the privilege must establish "a factual basis adequate to support a good faith belief by a reasonable person . . . that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." Zolin, 491 U.S. at 574-75 (internal cites omitted). The United States Supreme Court has further instructed that, in deciding whether to conduct an *in camera* review, the district court should consider "the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through *in camera* review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply." Id.

As it has done in a previous case, this Court will require that Plaintiff Tindall make a preliminary showing, without use or reference to any potentially privileged material, that the attorney-client communication sought in this case "was made in furtherance of illegal or fraudulent activity." See Hall County, 175 Ga. App. at 351. No documents will be reviewed *in camera* unless this showing is made. Defendants are incorrect, however, when they assert that Plaintiff is required to make a "strong prima facie showing that the elements of the fraud exception have been met." While the test cited by Defendants may be appropriate when determining whether the exception ultimately attaches, Plaintiff's preliminary burden in this case is much less stringent. See Hall

County, 175 Ga. App. at 351; Zolin, 491 U.S. at 574-75. As discussed above, both Georgia and federal courts have clarified that Plaintiff need only present prima facie evidence that the charge of fraud has "some foundation in fact" as would support a reasonable, good faith belief that *in camera* review of the materials may reveal evidence that the crime-fraud exception applies. Atlanta Coca-Cola Bottling, 50 Ga. App. at 639; Zolin, 491 U.S. at 574-75. Plaintiff's evidence does not need to be conclusive proof of fraud. Id.

As the parties are aware, the subject documents are currently in the possession of the Court. The Court did not request the documents nor purposefully retain them after they were considered in a former action, *McDonald v. H&S Horton Homes, et. al.*, United States District Court, Middle District of Georgia, Macon Division, Civil Action No. 5:08- cv-000298-CAR ("*McDonald*"). The documents were made available for the defendants in *McDonald* to retrieve; but the documents were abandoned by those defendants and never claimed. Although the Court is not now finding that it would be error to consider those documents or its findings in *McDonald* in this case, the Court currently has no intention of relying on information and knowledge gained as a result of its *in camera* review of the documents in *McDonald* when deciding whether to conduct an *in camera* review in this case. Moreover, consistent with the law and assurances discussed above, the documents will not be reviewed *in camera* in this case until it is first found that Plaintiff Tindall has met his preliminary burden. To this extent, Defendants' Motion to Exclude *In Camera* Review [Doc. 68] is **GRANTED**. Defendants' Motion to Strike Plaintiff's Response [Doc. 92] is **DISMISSED** as moot.

The Court further notes that Plaintiff has already filed his Motion to Compel. If, in light of this Order, Plaintiff needs to file a supplemental brief, addressing only his prima facie case, leave to do so is granted. Plaintiffs will have ten (10) days from the date of this Order to file any

4

supplemental brief. Defendants, of course, may file a response to any brief filed by Plaintiff Tindall within ten (10) days of the date Plaintiff's brief is filed.

It is SO ORDERED this 17th day of November, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr