# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **TERRY CARTRETTE TINDALL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Civil Action |
| v. | : | No. 5:10-cv-044(CAR) |
| | : | |
| **H & S HOMES, LLC,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

_____

## *ORDER ON MOTION FOR RECUSAL*

Currently before the Court is Defendants' Joint Motion for Order of Recusal [Doc. 93]. As the name suggests, Defendants are requesting an order, pursuant to 28 U.S.C. § 455, wherein this Court disqualifies itself from making any decision regarding the application of the crime-fraud exception to their claim of attorney-client privilege, an issue raised in Plaintiff's pending "Motion to Compel." [Doc. 79]. Apparently, Defendants are concerned that this Court cannot fairly decide the issues raised in Plaintiff's motion because the Court has previously ruled on a similar motion in a case involving the same defendants and the same attorney-client communications.

The Court, of course, understands Defendants' concerns about the pending motion; Defendants received an adverse ruling in the prior case. Defendants' concerns about this Court's impartiality, however, are unfounded. The Court has no personal bias or prejudice concerning either party or any extrajudicial personal knowledge of the disputed evidentiary facts. There is no fact which would lead an objective, fully-informed, lay observer to have a significant doubt about the Court's impartiality. There is, therefore, no reason for this Court to recuse itself from this or any other proceeding in this case.

1

Recusal of a federal judge is governed by two statutes, 28 U.S.C. §§ 144 and 455. Section 455 provides guidance to a judge when he is considering recusing himself; section 144, on the other hand, "supplies a litigant with the opportunity to file an affidavit that the judge before whom the matter is pending has a personal bias or prejudice sufficient to mandate disqualification." Liljeberg v. Health Svcs. Acquisition Corp., 486 U.S. 847, 871 n.3, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); Cintron v. U.S., 2010 WL 4261214 *1 (11th Cir. 2010) (Slip Copy). Under §144, the moving party is required to file an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. §144. To warrant recusal, "the moving party must allege facts that would convince a reasonable person that bias actually exists." Cintron, 2010 WL 4261214 at *1 (quoting Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir.2000)).

In this case, Defendants have moved for an order of recusal, but have not filed an affidavit as required by § 144. Thus, Defendants have not complied with the requirements of that section and are not entitled to relief under 28 U.S.C. § 144. See Johnson v. Wilbur, 375 Fed. Appx. 960, 965 (11th Cir. 2010) (unpublished) (finding that plaintiff was "not entitled to relief under 28 U.S.C. §144 because he failed to submit with his recusal motion a properly sworn and verified affidavit sufficient for §144."); United States v. de la Fuente, 548 F.2d 528, 541 (5th Cir.1977) (informal requests for recusal that are unaccompanied by an affidavit fail to comply with section 144)).

Defendants' present motion, therefore, is rooted solely in § 455. Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) identifies specific circumstances requiring recusal. According to the statute, a judge is required to recuse himself from any matter "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Under § 455, a federal judge has an "affirmative, self-enforcing

2

obligation to recuse himself sua sponte whenever the proper grounds exist." United States v. Kelly, 888 F.2d 732, 744 (11th Cir.1989). "The general rule is that 'a federal judge should reach his own determination [on recusal], without calling upon counsel to express their views.'" Plaintiff B v. Francis, 2008 WL 5263435 *1 (N.D. Fla., Dec. 16, 2008) (citing Kelly, 888 F.2d at 745).

That notwithstanding, Defendants have now expressed their unsolicited views on the matter. In the motion currently before the Court, Defendants claim that recusal is warranted under § 455 in this case because

> [i]n prior litigation involving many of the same defendants, documents, and issues as are involved here, this Court conducted an *in camera* review of Defendants' documents and concluded that the fraud exception to the attorney-client privilege applied to those documents. In its written order, the Court not only found that the fraud exception applied, but it made a number of detailed, adverse factual and legal findings regarding key issues involved in both the prior litigation and the instant litigation.

(Defts' Brief at 2-3, [Doc. 93]). Defendants assert that the prior ruling "threatens to taint this Court's objectivity and appearance of objectivity in making an independent privilege determination in this litigation." (Id. at 3). Thus, Defendants conclude, "In order to avoid any appearance of impartiality – including that the Court has prejudged the issue of whether the fraud exception to the attorney-client privilege applies –  the Court should recuse itself from determining the fraud exception issue, including, but not limited to, conducting any *in camera* review . . . ." (Id.).

Defendants' arguments have no merit. The types of opinions and knowledge warranting recusal are personal, as opposed to judicial, in nature. United States v. Meester, 762 F.2d 867, 884 (11th Cir.1985). Thus, to require recusal, the Court's alleged bias must be "personal and extrajudicial" and "must derive from something other than that which the judge learned by participating in [a] case." United States v. Amedeo, 487 F.3d 823, 828-829 (11th Cir.2007), cert. denied, 552 U.S. 1049, 128 S. Ct. 671, 169 L. Ed.2d 526 (2007); see also Meester, 762 F.2d at 884

3

(explaining that the court's alleged bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case"); Johnson v. Am. Sec. Ins. Co., 2010 WL 3245167 *2 (11th Cir. August 17, 2010) (Slip Copy) ("Because [the moving party] failed to show a bias stemming from an extrajudicial source, the district court did not abuse its discretion in denying the motion for judicial recusal.").

It is well-settled that a court's prior judicial rulings "almost never constitute a valid basis for a bias or partiality motion." Liteky v. U.S., 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed.2d 474 (1994) (citation omitted). Therefore, "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001). Likewise, opinions held by judges as a result of what they learned in prior proceedings do not constitute bias or prejudice. Liteky, 510 U.S. at 551. "It has long been regarded as normal and proper for a judge to sit in the same case upon remand, and to sit in successive trials involving the same defendant." Id. Without more, "[a] judge's rulings in the same or [a] related case are not a sufficient basis for recusal . . . ." U.S. v. Patterson, 292 Fed. Appx. 835, 837 (11th Cir. 2008) (citing Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam)).

The only caveat to this rule is when events occurring in prior proceedings demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. Thus, prior judicial rulings may be a basis for recusal only if the rulings demonstrate a pervasive bias. See Meester, 762 F.2d at 885. Recusal may not be predicated merely on the judge's "tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench." Phillips v. Joint Legislative Com., Etc., 637 F.2d 1014, 1020 (5th Cir. 1981). In fact, district courts are cautioned against entering an order of recusal "on the basis of an allegation of a perceived history of rulings that a moving party dislikes." Id. at 1021. Therefore,

4

absent some extreme language or action by the court, a single adverse ruling is almost always going to be insufficient to place a court's impartiality in doubt.

In this case, recusal is not warranted simply because the Court ruled against Defendants on the same issue in a prior case. While Defendants may disagree with the factual and legal findings contained in the Court's prior order, a federal judge is not required recuse himself from a case based on statements he made during a prior proceeding unless his remarks "demonstrate such pervasive bias and prejudice that it constitutes bias against a party." Whitehurst v. Wal-Mart Stores E., L.P., 329 Fed. Appx. 206, 208 (11th Cir. 2008) (unpublished). "Neither a trial judge's comments on . . . evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." Id. Here, there is nothing in the Court's order which would lead an objective observer to believe the Court harbors any bias or prejudice concerning either party, much less a pervasive bias.

By the same token, the Court's knowledge of a disputed evidentiary fact does not require recusal. See United States v. Bailey, 175 F.3d 966, 969 (11th Cir. 1999). Granted, because of the prior *in camera* review of the relevant documents, this Court has knowledge of the attorney-client communications at issue in Plaintiff's pending motion. Still, not all "knowledge" requires recusal under the statute. To warrant disqualification under § 455(b)(1), the judge must have knowledge that stems from extrajudicial sources. Id. at 968. In this case, whatever knowledge the Court gained about the attorney-client communications was acquired in the course of a judicial proceeding. The fact that the judicial proceeding involved an *in camera* review is irrelevant; an *in camera* review is not extrajudicial. See United States v. Sims, 845 F.2d 1564, 1570 (11th Cir. 1988) (" . . . the *in camera* hearing [was] of a judicial, rather than a personal, nature").

That aside, Defendants contend that it is not the nature of the knowledge gained but the "appearance of impropriety" that requires recusal in this case. In so doing, Defendants rely on the

5

"catch-all" provision of § 455(a), requiring that a federal judge disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under this section, the relevant inquiry "is not the reality of bias or prejudice but its appearance." Liteky, 510 U.S. at 548. Thus, the standard to be applied is whether an objective, fully-informed, lay observer would entertain significant doubt about the judge's impartiality. Amedeo, 487 F.3d at 828.

In support of their motion for recusal, Defendants argue that the Court's "prior *in camera* examination of Defendants' documents and ruling in the [prior case] will inescapably lead to impartiality, the appearance of impartiality, and/or prejudgment of this issue if this Court presides over this issue in this litigation." (Defts' Brief, at 12). Defendants' concerns are based on mere conjecture and erroneous assumptions rather than fact.

To warrant recusal, the Court's alleged bias must be supported by facts, such that an objective, fully-informed, lay observer would be convinced that the bias actually exists. See Amedeo, 487 F.3d at 828. "Unsupported, conclusory, or tenuous allegations" are not sufficient to warrant disqualification. Giles v. Garwood, 853 F.2d 876, 878 (11th Cir.1988). "For if a party could force recusal of a judge by factual allegations alone, the result would be a virtual open season for recusal." Plaintiff B, 2008 WL 5263435 at *2 (quoting United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir.1986)). Here, Defendants have not pointed to any fact which would support a finding that the Court is unable to objectively put out of its mind its conclusions from the prior *in camera* review. Likewise, there is nothing in the record which would cause an objective, fully-informed observer to doubt the Court's ability to set aside the prior proceedings and reach a fair conclusion in this case, considering only the facts and law presented.

Nor does this Court find that there is any "appearance of impartiality or prejudgment." In fact, in an order dated November 17, 2010 [Doc.110], the Court clarified the procedural process and

relevant standard that will be applied before the Court conducts any *in camera* review in this case. It was made abundantly clear that the Court has no intention of relying on knowledge gained as a result of its prior *in camera* review of the documents. Defendants were assured that no documents will be reviewed *in camera* in this case until it is first found that Plaintiff has met his preliminary burden of demonstrating that an *in camera* review is again appropriate. The Court will further apply the relevant law and explain its findings when it determines whether the crime-fraud exception ultimately forecloses Defendants' assertion of privilege in this case. There is no fact or prior action by the Court which would lead an objective observer to suspect that the Court will do otherwise.

Defendants' remedy in this instance, therefore, is not to seek recusal; rather, Defendants should simply file an appeal, at the appropriate time, if they believe that the Court errs in its ruling. See In re Walker, 532 F.3d 1304, 1311 (11th Cir.2008) ("Adverse rulings are grounds for appeal, but are rarely grounds for recusal."). In sum, this Court finds no reason why it should disqualify itself from deciding the issues in this case under 28 U.S.C. §455. Defendants' Motion for an Order of Recusal is accordingly **DENIED**.

It is SO ORDERED this 10th day of December, 2010.

<div style="margin-left:auto">
S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT
</div>

jlr