THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TERRY CARTRETTE TINDALL,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 5:10-cv-044(CAR) |
| | : | |
| **H & S HOMES, LLC, et al.,** | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER REGARDING WORK-PRODUCT
DOCUMENTS SUBMITTED FOR *IN CAMERA* INSPECTION**

On January 10, 2010, this Court entered an Order [Doc. 129] finding that certain attorney-client communications between Defendants and their attorneys were excepted from privilege. The Court accordingly compelled Defendants to produce all attorney-client communications related to the closure of H&S Homes, L.L.C. and the creation of Triangle Homes, L.L.C. and its subsidiaries. Defendants subsequently submitted a number of documents for *in camera* inspection. Defendants suggest that the documents identified do not fall within the scope of the Court's Order because the documents contain attorney work-product, not disclosed or communicated to Defendants, and do not pertain to the cessation of H&S Homes or creation of Triangle Homes, L.L.C. Having reviewed the documents, however, the Court finds that many of the documents do fall within scope of the Court's Order.

The Court, of course, recognizes that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1421 (11th Cir. 1994) (quoting Hickman v.

1

Taylor, 329 U.S. 495, 510-11, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947)). Attorney work-product is thus generally non-discoverable. This includes any "material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories." Cox, 17 F.3d at 1422. Under the Federal Rules of Civil Procedure, Rule 26(b)(3), opinion work-product cannot be discovered based solely "upon a showing of substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." Id. (cites omitted). Rather, "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." Id. The crime-fraud exception, however, "presents one of the rare and extraordinary circumstances in which opinion work product is discoverable." Id. "The exception applies to work-product in the same way that it applies to the attorney-client privilege." Id.

In this case, the Court has already found that the crime-fraud exception to the attorney-client privilege authorizes discovery of all attorney-client communications concerning the closure of H&S Homes and the creation of Triangle Homes and its subsidiaries. Defendants were accordingly directed to disclose all attorney-client communications related to the cessation of H&S and the opening of the Triangle subsidiaries, including relevant billing records, memos, and emails. Because the Court has found that the crime-fraud exception applies in this case for the attorney-client privilege, it may be applied equally on the same facts to any attorney work-product preceding those communications. This Court's Order thus applies to those documents containing work-product and other internal communications even if they were not disclosed or communicated to Defendants. This includes, but is not limited to, opinions about the various alternatives considered, offered, and researched for closing H&S, opinions about the legal implications thereof, and opinions about how any alternative may affect Defendants' liability for any judgments awarded against H&S Homes, successor liability, or liability against an award of punitive damages.

2

The documents need not specifically reference the "cessation of H&S" or the "creation of Triangle Homes" to be discoverable; the documents need only be *related to* such decisions. In other words, the attorney work-product is not protected by privilege if it was created so that counsel could provide legal advice to Defendants about (1) how or why H&S should or could be closed, (2) how or why a new business entity should or could be created, or (3) how either of these actions would effect Defendants' obligation to pay any judgments awarded against H&S Homes. Any work-product addressing the process of these transactions is likewise not protected by privilege. Again, however, only those documents created before the relevant transactions and which relate thereto are excepted from privilege. Communications occurring after the transactions or which merely memorialize communications between Defendants and their attorneys after-the-fact do not fall within the exception. See In re Federal Grand Jury Proceedings, 89-10 (MIA), 938 F.2d 1578, 1582 (11th Cir. 1991) (concluding that documents produced after the completion of the fraud were privileged even to the extent that they merely memorialize information that may be discoverable by other means under the crime-fraud exception).

Twenty-one documents listed in the privilege log were submitted for *in camera* inspection. Upon review, the Court finds that nine of the documents do fall within the scope of this Court's prior Order and must be produced to Plaintiff. These are document numbers 105, 106, 108, 110, 111, 113, 118, 119, and 121. Defendants are also required to make substantive responses to all the relevant interrogatories and requests for production where the work-product privilege was previously asserted and are directed to produce all documents from the Chamberlain firm which are *related to* the Defendants' decision to close H&S and open Triangle Homes and its subsidiaries. This necessarily includes any documents created to assist counsel in providing Defendants with legal advice about these decisions. The documents subject of the present review and others previously

3

submitted for *in camera* review are still with Court and may be retrieved by Defendants at any time.

It is SO ORDERED this 24th day of February, 2011.

<pre>                                S/ C. Ashley Royal
                                C. ASHLEY ROYAL, JUDGE
                                UNITED STATES DISTRICT COURT</pre>

jlr