THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRY CARTRETTE TINDALL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No.   5:10-CV-044(CAR) |
| H & S HOMES, LLC, et. al., | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER ON MOTIONS TO DISMISS &**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Currently before the Court are Defendants' Motions to Dismiss [Docs. 186 & 193] and Motion for Judgment on the Pleadings [Doc. 161]. Having read and considered the arguments of the parties and the relevant law, the Court finds that Plaintiff may not state a tort claim for "fraudulent attempt to avoid successor liability" in her Second Amended Complaint [Doc. 181]. Thus, in so far as Plaintiff attempted to state an independent cause of action for "fraudulent attempt to avoid successor liability" or a claim for punitive damages and attorney's fees related solely thereto, Defendants' Motions to Dismiss are due to be granted. However, Plaintiff's addition of new allegations of successor liability and the joinder of Beacon Homes, L.L.C., will be allowed.

1

Defendants' Motions to Dismiss are accordingly **GRANTED in part** and **DENIED in part**. Defendants' Motion for Judgment on the Pleadings is deemed moot.

## PROCEDURAL HISTORY

Plaintiff Terry Tindall filed his Complaint in this action on February 2, 2010. Just ten days later, and before any responsive pleading had been filed, Plaintiff filed an Amended Complaint after Judge Hugh Lawson ordered Plaintiff to amend the Complaint so as to properly plead jurisdiction. Then, in July of 2010, Plaintiff filed a Motion to Amend his Complaint a second time to add: (i) Beacon Homes, LLC as a defendant; (ii) the firm of Chamberlain, Hrdlicka as a defendant; (iii) a new substantive cause of action based on "fraudulent attempt to avoid successor liability"; and (iv) new paragraphs containing more detail of the alleged fraudulent transfers.

In October of 2010, this Court granted Plaintiff's Motion to Amend in part, ruling that Plaintiff could "amend her Complaint to add the successor liability claim, to plead the proposed new allegations as to property transfers, and to join Beacon Homes as a defendant." With respect to the addition of a new party and claim, the Court explained:

> Beacon Homes is simply a subsidiary of Defendant Triangle Homes, LLC, whose interests are generally aligned with those of the other Defendants. There is no indication that additional discovery would be required or additional issues arise as a result of the joinder of Beacon Homes. Likewise, the addition of an additional claim for "fraudulent attempt to avoid successor liability" would not significantly alter the litigation process in this case. Although it is not entirely clear that the successor

> liability theory . . . is applicable in this case, Defendants have failed to show that this claim is futile as a matter of law. The proposed new allegations regarding property transfers simply add detail to allegations included in the original Complaint, detail that was no doubt already known by Defendants but was added for the sake of thoroughness. Accordingly, Plaintiff will be permitted to amend her Complaint to add the successor liability claim, to plead the proposed new allegations as to property transfers, and to join Beacon Homes as a defendant.

(Order, October 5, 2010 [Doc. 78] at 3). The Court, however, did not "deem filed" Plaintiff's proposed second amendment, and part of the proposed second amendment was specifically disallowed.

Seven months later, on May 16, 2011, the Horton Defendants filed a Motion for Judgment on the Pleadings [Doc. 161]. Therein, Defendants argue that they are entitled to judgment on all claims and allegations proposed to be added by Plaintiff in her Second Amended Complaint because the Amended Complaint was never filed with the Court or served on any Defendant in this litigation. In the alternative, Defendants request that, if the Court permits Plaintiff to file and proceed with her second amendments at this late date, the Court also permit Defendants to conduct any necessary discovery and obtain expert witnesses and reports regarding the new claims and allegations. Defendants also seek leave to file a summary judgment motion regarding those claims, as the time for filing dispositive motions has expired.

Defendants' Motion for Judgment on the Pleadings apparently reminded

3

Plaintiff's counsel that the Second Amended Complaint was never filed, and it was quickly filed the following week.  By the time the Second Amended Complaint was filed on May 25, 2011, however, more than seven months had elapsed since the Court granted Plaintiff leave to amend.  During the interim, all the significant pre-trial deadlines expired: discovery expired on April 30, 2011; the time for disclosing experts expired April 1, 2011; and the time for filing dispositive motions expired on May 15, 2011.   All the motions for summary judgment were thus filed in this case before Plaintiff finally filed her Second Amended Complaint. Notably, Plaintiff's own Motion for Summary Judgment [Doc. 158], filed a week before her Second Amended Complaint, sought judgment on the claims included in the proposed second amendments, even though the Amended Complaint had not yet been filed.

Plaintiff's counsel, for reasons disclosed to the Court in a sealed affidavit, had cause to be occasionally distracted from this case over the seven-month period in question.  The case, however, was certainly not neglected.  Between October 2010 and May 2011, Plaintiff's counsel filed no less than twenty documents with this Court, conducted discovery, and appeared for multiple telephone conferences.  Plaintiff did not file her Second Amended Complaint during this time or otherwise inform the Court of any reason for the delay in filing the Amended Complaint.

## ARGUMENTS AND ANALYSIS

After the Second Amended Complaint was finally filed, the Horton Defendants filed the present Motion seeking to have it dismissed on two separate grounds. Defendants argue that (1) Plaintiff's newly-asserted claim for "fraudulent attempt to avoid successor liability" fails to a state a claim on which relief can be granted; and (2) dismissal is warranted based on Plaintiff's inexcusable delay in filing and serving the Second Amended Complaint. The remaining Defendants then filed their own Motion to Dismiss adopting the arguments made by the Horton Defendants.

Defendants are correct that the allegations in Plaintiff's Second Amended Complaint do not state a tort claim; there is no recognized cause of action based upon the alleged "fraudulent attempt to avoid successor liability." Successor liability is not a tort. It is an equitable tool used to transfer liability from a predecessor to a successor. See Coffman v. Chugach Support Svcs, Inc., 411 F.3d 1231, 1238 (11th Cir. 2005) (noting that "equitable principles underlie the doctrine of successor liability"). In other words, the theory of successor liability merely provides a plaintiff an alternative entity from whom to recover; it does not create a new cause of action against the successor which is independent of the underlying tort. See In re Fairchild Aircraft Corp., 184 B.R. 910, 920 (Bankr. W.D. Tex. 1995) ("successor liability does not create a new cause of action against the purchaser so much as it transfers the liability of the predecessor to the purchaser")

(emphasis removed), *vacated on other grounds*, 220 B.R. 909 (Bankr. W.D. Tex. 1998).

Of course, the general rule is that a successor is not liable for the debts or liabilities of its predecessor, and thus there is no successor liability in many cases. Georgia, however, like most jurisdictions, has identified exceptions to the general rule and allows for successor liability where "(1) there is an agreement to assume liabilities; (2) the transaction is, in fact, a merger; (3) *the transaction is a fraudulent attempt to avoid liabilities*; or (4) the purchaser is a mere continuation of the predecessor corporation." Bullington v. Union Tool Corp., 254 Ga. 283, 284, 328 S.E.2d 726 (1985) (emphasis added) (citing Fletcher, *Cyclopedia of the Law of Private Corporations*, § 7122 and 66 A.L.R.3d 824, 827); see also, Bud Antle, Inc. v. Eastern Foods, Inc., 758 F.2d 1451, 1456-57 (11th Cir. 1985).

It is from this third exception to the general rule that Plaintiff apparently derives her substantive claims. However, the fact that Georgia law allows for successor liability in cases where a transaction is proved to be a fraudulent attempt to avoid liability does not create an independent cause of action for "fraudulent attempt to avoid liabilities." Plaintiff has not cited any law recognizing this as an independent cause of action, and extensive research by both Defendants and this Court has disclosed no case law recognizing this as a tort. Clearly, if a transaction is a fraudulent attempt to avoid successor liability, the law provides an exception to the general rule that successors-in-interest are not liable for the debts and liabilities of their predecessors; the

6

law, however, does not simultaneously recognize a separate cause of action based on an alleged attempt to avoid liability under the exception.

Though Plaintiff has attempted to find support for a tort claim, the law cited by Plaintiff on this issue is unpersuasive.  In her brief, Plaintiff cites O.C.G.A. § 51-1-1, which provides the statutory definition of a "tort" in Georgia.  O.C.G.A. § 51-1-1, however, does not provide for any general tort cause of action.  Plaintiff then cites two other Georgia statutes, which she believes support her claim: O.C.G.A. §§ 18-2-20 & 18-2-21.  The first section provides that "[t]he rights of creditors shall be favored by the courts; and every remedy and facility shall be afforded them to detect, defeat, and annul any effort to defraud them of their just rights." O.C.G.A. § 18-2-20.  The latter then provides that creditors may accordingly "attack as fraudulent a . . . conveyance, or any other arrangement interfering with their rights, either at law or in equity." O.C.G.A. § 18-2-21.  These Code sections also do not create a cause of action against a debtor, its associates, or its successors.  See Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1089 (11th Cir. 2004) (finding that these statutes do not create any cause of action against a party who "aids and abets a debtor in carrying out a fraudulent transfer").  This Court will decline to read a new cause of action into Georgia law which the Georgia General Assembly did not expressly create and the Georgia courts have not yet recognized.  See id.

Finally, Plaintiff provides this Court with a list of cases discussing exceptions to

7

the rule against successor liability.[1] See Mobley v. Hagedorn Constr. Co., 168 Ga. 385, 147 S.E. 890 (1929); First Support Svcs, Inc. v. Trevino, 288 Ga. App. 850, 655 S.E.2d 627 (2007). In Mobley, a case cited by Plaintiff, the Georgia Supreme Court stated:

> [T]wo corporations cannot fraudulently enter into a contract of sale by which the selling corporation is stripped of all its assets, the effect of which is to hinder, delay, or defraud the creditors of the selling corporation. In such case *equity will follow such assets* as a trust fund into the hands of the purchasing or consolidated corporation. The purchasing corporation, under the facts of this case, holds the property received from the other with notice of any trust attaching to it in favor of the seller's creditors, and the purchaser cannot claim the rights of a bona fide purchaser without notice.

Mobley, 147 S.E. at 895 (emphasis added). This statement, however, is only an explanation of an exception to the general rule preventing successor liability; it is not an identification of a separate cause of action for "attempt to avoid successor liability." None of the cases cited by Plaintiff justify her leap from a theory allowing for successor liability to an independent tort for "fraudulent attempt to avoid" that liability.

Furthermore, Plaintiff may state other causes of action for the same conduct alleged in the Second Amended Complaint. In fact, the new claim Plaintiff seeks to add already fits within the rubric of the claims brought under the Uniform Fraudulent Transfers Act ("UFTA") in her original Complaint. Evidence establishing an "attempt to

---

[1] Plaintiff does not actually cite and discuss these cases in her brief in response to the Motion to Dismiss. Plaintiff merely incorporates the cases cited in her brief in support of her Motion for Summary Judgment [Doc. 175] by reference.

avoid successor liability," or a conspiracy to do the same, simply serves as proof of intent. A plaintiff may also achieve the same end by naming the successor as a party to the action under the theory of successor liability, filing a claim or action for declaratory judgment on the issue of successor liability,[2] or alleging the existence of a civil conspiracy.[3] Therefore, the Court need not recognize a claim for "fraudulent attempt to avoid successor liability" in order for Plaintiff to recover for the alleged misconduct.

For these reasons, the Court finds that Plaintiff's Second Amended Complaint does not state a tort claim against Defendants. The allegations of a "fraudulent attempt to avoid successor liability," however, can be used to establish Defendants' liability for the fraudulent transfers under the UFTA. See Alliant Tax Credit Fund 31-A, Ltd v. Murphy, 2011 WL 3156339 at *8 (N.D. Ga. July 26, 2011). The allegations are also sufficient to state a claim for the equitable imposition of successor liability. See Liberty

---

2  This type of claim has been brought by plaintiffs in other jurisdictions. See e.g., Precision Fitness Equip., Inc. v. Nautilus, Inc., 2009 WL 2710188 (D. Colo. 2009); Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 887 N.E.2d 244 (2008); Bizmark, Inc. v. Air Products, Inc., 427 F.Supp.2d 680 (W.D. Va. 2006); In re G-I Holdings, Inc., 338 B.R. 232 (Bkrtcy. D. N.J., 2006); Brookshire Bros. Holding, Inc. v. Total Containment, Inc., 2005 WL 2077366 (W.D. La. 2005).

3  See e.g., Miller v. Lomax, 266 Ga. App. 93, 103, 596 S.E.2d 232, 242 (2004) ("[W]e find that a trier of fact could conclude that Carolyn Miller participated with Thomas Miller in a scheme to effect fraudulent transfers, and so the . . . plaintiffs have shown a question of material fact as to Carolyn Miller's liability for civil conspiracy."); Alliant Tax Credit Fund 31-A, Ltd v. Murphy, 2011 WL 3156339 *8 (N.D. Ga. July 26, 2011) (Slip Copy) ("Although Plaintiff's claim for civil conspiracy does not furnish an independent cause of action on which to hold Defendants liable, it can be used to establish some of Defendants' liability for fraudulent transfers under the UFTA.").

Mut. Ins. Co. v. Horizon Bus Co., Inc., 2011 WL 1131098 at *6 (E.D. N.Y. Feb. 22, 2011) ("Liberty has alleged sufficient facts to state a claim that a fraudulent conveyance occurred. Accordingly, 'it can be inferred that the transaction was undertaken to defraud creditors and the second exception for imposing successor liability applies.'") (citation omitted); Donald Dean & Sons, Inc. v. Xonitek Sys. Corp., 656 F. Supp. 2d 314, 330 & n. 30 (N.D.N.Y.2009) (denying motion to dismiss successor liability claim where plaintiff had adequately pled fraudulent conveyance). See generally, Centimark Corp. v. A to Z Coating & Sons, Inc., 288 Fed. Appx. 610, 616 n.11 (noting that plaintiff adequately pled claim for successor liability); F.T.C. v. Citigroup, Inc., 239 F. Supp. 2d 1302, 1306 (N.D. Ga. 2001) (finding allegations sufficient to state a claim for successor liability).

Defendants' Motions to Dismiss are, therefore, **GRANTED**, but only insofar as Plaintiff alleges a tort claim for "fraudulent attempt to avoid successor liability" and seeks damages and fees related solely thereto. The Motions are **DENIED** to the extent that successor liability is alleged as a theory to establish Defendants' liability for the alleged fraudulent transfers and underlying tort.  See Alliant, 2011 WL 3156339 at *8.

The Motions are also **DENIED** with respect to the remainder of the Amended Complaint.  The Court finds that the delay in filing the Second Amended Complaint does not warrant its dismissal.  The joinder of Beacon Homes, L.L.C. is no surprise, nor are the newly added allegations of successor liability.  Again, the new allegations

regarding property transfers simply add detail to allegations included in the original Complaint, detail that was no doubt already known by Defendants.

Defendants will also suffer no undue prejudice if their Motions to Dismiss are not granted. The Court granted Plaintiff's request to amend her Complaint in October of 2010, and the Proposed Second Amended Complaint has been filed since July of 2010 and was served on Defendants at that time. Defendants have thus been well aware of both these allegations and the joinder of Beacon Homes. As such, this case is distinguishable from those cases cited by Defendants where a *motion* for leave to amend is filed well-into or after discovery.   See e.g., Manhattan Const. Co. v. McArthur Elec., Inc., 2007 WL 2713250 at *2 (N.D. Ga. Sept. 14, 2007) (denying leave to amend where the plaintiff had missed the deadline for filing a motion to amend by seven months, and the motion came only one month before the close of discovery).   Indeed, it is unlikely that the preparation or presentation of Defendants' case has been significantly affected here.

The fact Defendants were aware that leave to amend had been granted and the proposed amendments were filed during the limitations period also resolves any statute of limitations issues raised by Defendants. If the allegations of successor liability are subject to the statute of limitations, the limitation period was tolled when the Court granted the Motion for Leave to Amend. See Heng v. Donald, 2011 WL 925726 at *9 (M.D. Ga. 2001); Bradley v. Armstrong Rubber Co., 46 F. Supp. 2d 583, 586 (S.D. Miss.

11

1999) (finding that eight month delay in filing amended complaint did not render the claims barred by the statute of limitations when leave to amend was granted and proposed amended complaint had been filed during the limitations period).  In the alternative, the Court finds that the allegations relate back to those facts in the original Complaint.  The new allegations seek to further establish Defendants' liability for the transfers and arose out of the same conduct as those claims included in the original Complaint. See Fed. R. Civ. P. 15(c).

The Court is certainly not condoning Plaintiff's seven-month delay in filing the Second Amended Complaint.   Still, there is no suggestion that the delay was intentional or an attempt to gain some unfair advantage over Defendants.   Rather, it appears to the Court that the matter was merely overlooked by Plaintiff's counsel while he was distracted by serious personal matters and dealing with multiple other issues in the case. It even seems that Plaintiff's counsel may have believed that the second amendments had been made – hence Plaintiff's Motion seeking summary judgment on her "fraudulent attempt to avoid successor liability" claim.  The delay, therefore, will be deemed excusable as it was due to a mere clerical oversight or inadvertence by counsel. See Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1201–02 (11th Cir. 1999) (finding delay resulting from clerical error to be excusable under Rule 60 in absence of bad faith).

For these reasons, the Court finds that Plaintiff's counsel's error was nothing more than a clerical oversight, that any new claims are not barred by the statute of limitation, and that undue prejudice will not likely be suffered by Defendants because of Plaintiff's late filing.  Because Defendants have failed to persuade the Court that a re-opening of discovery is in fact necessary, their Motion to Reopen Discovery is also **DENIED** at this time.

## CONCLUSION

Having fully considered the arguments and authorities cited by both parties, this Court finds that Plaintiff may not state a tort claim for "fraudulent attempt to avoid successor liability."   The Court further finds, however, that Defendants will not likely suffer undue prejudice if Plaintiff is permitted to add allegations supporting a claim for successor liability and to join Beacon Homes, L.L.C. as a party. Defendants' Motions to Dismiss [Docs. 186 & 193] are accordingly **GRANTED** in part and **DENIED** in part.

In light of this, Defendants' Motion for Judgment on the Pleadings [Doc. 161] is deemed **MOOT** and **DISMISSED** as such, and Defendants' request in the alternative to reopen discovery [Doc. 161] is **DENIED** at this time. Because the Court finds that all issues were sufficiently briefed, Plaintiff's Motions for Leave to file a Sur-Reply [Doc. 243 & 256] and the parties' Requests for Oral Argument [Doc. 172 & 178] are also **DENIED**.

The Court, however, **GRANTS** Defendant Beacon Homes leave to file a motion either for summary judgment or to join motions previously filed by other Defendants. Any such motion must be filed within twenty (20) days of the date of this Order.   In the alternative, Defendants may file, within ten (10) days of this Order, a new motion for limited discovery.  If Defendants choose to file another motion to re-open discovery, they shall advise the Court of exactly (i) what discovery, if any, would be required at this point and (ii) why such discovery could not have been accomplished during the original discovery period, as Defendants were aware of the second amendments and Plaintiff's theory of successor liability long before discovery expired.

SO ORDERED this 15th day of September, 2011.

S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr