THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION


TERRY CARTRETTE TINDALL,    :
    :
    Plaintiff,    :
    :
v.    :    Civil Action
    :    No.  5:10-CV-044(CAR)
H & S HOMES, LLC, et. al.,    :
    :
    Defendants.    :
_____


**ORDER ON HORTON DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON CLAIMS FOR MENTAL ANGUISH, PAIN,
AND SUFFERING & MOTION TO STRIKE AFFIDAVIT**

Currently before the Court is the Horton Defendants' "Motion for Partial Summary on Plaintiff's Claims for Mental Anguish, Pain and Suffering" [Doc. 153]. Defendants' original Motion, however, does not seek partial summary judgment on Plaintiff's claim for damages based upon her mental anguish, pain, and suffering as the title suggests.   The Motion and initial brief instead contain arguments for judgment to be awarded to the Horton Defendants on any claim Plaintiff may have for "intentional infliction of emotional distress."

1

Plaintiff has responded that no such claim was ever asserted. Indeed, this is clear from paragraph 75 of Plaintiff's first Amended Complaint:

> The fraud of the defendants [has] caused Plaintiff great mental anguish, pain and suffering for which Plaintiff is entitled to damages determined by the enlightened conscience of the jury.

(See Amended Complaint at ¶ 75 [Doc. 5]). No version of Plaintiff's Complaint ever includes mention of "intentional infliction of emotional distress." Plaintiff simply seeks to recover damages for mental anguish, pain, and suffering as an element of the general compensatory damages sought in conjunction with her claims of fraud.

It is well settled that, when a plaintiff seeks compensatory damages arising from an intentional tort, evidence as to mental anguish is relevant and admissible. Preferred Risk Ins. Co. v. Boykin, 174 Ga. App. 269, 275, 329 S.E.2d 900 (1985). Here, Plaintiff claims to have suffered great mental anguish and financial stress due to the Horton Defendants' intentional and tortious conduct. Plaintiff alleges that, because Defendants have failed to pay the judgment awarded to her, she has been unable to provide for her family or pay her bills and has thus also suffered damage to her credit reputation. According to Plaintiff, the lack of finances has caused her to suffer stress, anxiety, depression, and mental anguish that she would not have experienced had Defendants compensated her for her prior damages.

The Horton Defendants, nonetheless, construed paragraph 75 of Plaintiff's first Amended Complaint as an independent tort claim for "intentional infliction of emotional distress."   Defendants argue that they are entitled to judgment on this claim because Plaintiff is unable to present evidence establishing three of the four elements required to sustain a claim for "intentional infliction of emotional distress": (1) that the Horton Defendants' conduct was extreme and outrageous; (2) that the Horton Defendants' conduct was the cause of Plaintiff's emotional distress; and (3) that Plaintiff's emotional distress was sufficiently severe.   Other than a brief reference to "mental anguish, pain, and suffering" in the title of the Motion and conclusion of the brief, Defendants make no mention of Plaintiff's claim for mental anguish damages based on the other alleged intentional torts.

Obviously, the Court cannot grant judgment on Plaintiff's claim for damages simply because Defendants label it a cause of action for intentional infliction of emotional distress. This is especially true where the Complaint plainly alleges an intentional tort and seeks damages for mental anguish as an element of general compensatory damages.   See Clark v. West, 196 Ga. App. 456, 458 395 S.E.2d 884 (1990).

The claim for which the Horton Defendants seek summary judgment is separate and distinct from that stated in the Complaint.   A plaintiff is not required to satisfy the elements of intentional infliction of emotional distress in order to recover compensation

3

for mental anguish. See *Ga. Law of Damages* §§ 4:3-4:4 (2011-12 ed.); Walters v. City of Atlanta, 803 F.2d 1135, 1146 (11th Cir. 1986).   Thus, because Plaintiff never stated a claim for intentional infliction of emotional distress, Plaintiff needed to do no more than simply inform Defendants of this fact to defeat their Motion.   Plaintiff, however, went a step further.   Her Response Brief [Doc. 217] clarifies that she is seeking damages for mental anguish, pain, and suffering caused by Defendants' fraud and attempts to explain why she is entitled to recover these damages as a matter of law.[1]

When enlightened by Plaintiff's Response, Defendants immediately switched gears and began arguing that Plaintiff cannot recover damages for mental anguish, pain, and suffering – a legal issue entirely different from that raised in Defendants' original Motion.   In fact, Defendants' Reply might as well be an entirely new motion for partial summary judgment, as it raises, for the first time, issues regarding whether Plaintiff can recover for mental anguish, pain, and suffering as an element of her general compensatory damages.

In light of all these new arguments, Plaintiff filed a Motion to File a Sur-reply [Doc. 242].   If allowed, Defendants will, no doubt, seek to respond to that.   Such is the

---

[1] Plaintiff also asserts that she is entitled to recover for damage caused to her credit and penalties related to the late payment of other debts. See Calvin v. Brown, 246 Ga. App. 40, 43 (2000). Defendants do not address this claim in their Reply.

problem when a movant changes theories mid-stream and makes new arguments in their reply brief.   For this reason, the Court is not required to consider new arguments raised for the first time in a reply.   See Hill v. Oil Dri Corp. of Ga., 198 Fed. Appx. 852, 856 (11th Cir. 2006) (holding that district court did not abuse its discretion in refusing to consider limitations issue raised for the first time in plaintiffs' reply brief); see also e.g., United States v. Coy, 19 F.3d 629, 632 n. 7 (11th Cir. 1994) ("[a]rguments raised for the first time in a reply brief are not properly before a reviewing court" (citation omitted); Fisher v. Ciba Specialty Chemicals Corp., 238 F.R.D. 273, 317 n. 89 (S.D. Ala. 2006) ("this argument is not properly raised because plaintiffs submitted it for the first time in their reply brief"; Egidi v. Mukamai, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in a reply brief are deemed waived."); United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999) (holding that an issue raised for the first time in a reply brief was waived).

The Horton Defendants could have certainly made their reply arguments in their initial brief.   Again, it is clear from the Complaint that Plaintiff was seeking damages for mental anguish, pain, and suffering she endured because of Defendants' alleged fraud. It is plainly stated.   Still, Defendants made no reference to this claim for damages and chose instead to address a non-existent tort claim for intentional infliction of emotional

distress.   Because Defendant's Motion seeks judgment on a claim that was never asserted, it must be **DENIED** as moot.

The Court's simple denial of Defendants' Motion, however, does not mean that the Court is taking Defendants' actions lightly.   The present Motion is so inappropriate that it is difficult to believe Defendants filed it in good faith or that they found the Motion to be substantially justified in light of the plain language used in Plaintiff's Complaint.   Even if the error was not clear to Defendants when the Motion was filed, it was certainly made clear by Plaintiff's Response.   Defendants should have then moved to withdraw their Motion.   Defendants chose, instead, to proceed with the Motion by improperly raising new arguments in their Reply.   Defendants surely must have known that a reply brief is not an appropriate vehicle for presenting new arguments or legal theories to the Court.

At this point, the Court is not prepared to find that Defendants acted in bad faith or otherwise filed the Motion for an improper purpose.   It is recommended, however, that Defendants take inventory of the many motions and arguments still pending before the Court and withdraw any that may be as unnecessary as the one at bar. The Court, obviously, has no intent to chill the right of Defendants' attorneys to act as zealous advocates for their clients.   An attorney's zeal must, nonetheless, be constrained within the bounds placed upon him as an officer of the Court.   Rhodes v. MacDonald, 670 F.

Supp. 2d 1363, 1365 (M.D. Ga. 2009).   "It is the obligation of every lawyer . . . not to clog the courts with frivolous motions . . . ." <u>Polk County v. Dodson</u>, 454 U.S. 312, 323, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981).

The issue remains whether this Court should allow Plaintiff an opportunity to file a sur-reply as requested and consider Defendants' reply to issues raised by Plaintiff in her Response Brief.   It would be in this Court's discretion to do so.   See <u>Fedrick v. Mercedes-Benz USA, LLC</u>, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005).   Furthermore, it appears that, even though the matters were not appropriately raised on summary judgment, some of Defendants' arguments will, more likely than not, come up again. <u>See</u> <u>e.g.</u>, <u>Hargett v. Valley Federal Sav. Bank</u>, 60 F.3d 754, 762 (11th 1995) (finding no error when statute of limitations defense was raised in pretrial order).

In their Reply, Defendants argue that Plaintiff should not be allowed to pursue mental anguish damages as a matter of law because (1) Plaintiff has not shown that failure to pay a judgment is a basis for recovery for mental anguish; (2) Plaintiff has not attempted to show that Defendants' conduct was "outrageous"; (3) Plaintiff's claim for mental anguish is barred by the two-year statute of limitations for personal injury claims; and (4) Plaintiff has failed to identify sufficient admissible, non-contradictory evidence that she in fact suffered mental anguish, pain, and suffering because of Defendants' intentional conduct.   These arguments have no merit.

7

Indeed, in all of these arguments, Defendants still seem to be misrepresenting Plaintiff's claim.  Plaintiff's Complaint does not state an independent personal injury claim or seek damages based solely on Defendants' failure to pay a judgment.  As alleged in the Amended Complaint, Plaintiff is seeking to recover for damages suffered as a result of Defendants' alleged fraud.  Georgia law generally allows for such recovery when fraud is proven, see St. Paul Fire & Marine Ins. Co., 255 Ga. App. at 21, and the cases cited by Defendants do not persuade the Court that Plaintiff may not, as a matter of law, recover mental distress damages in this case. See Hale v. Hale, 199 Ga. 150, 33 S.E. 2d 441 (1945) (explaining that a party injured because of a wanton and willful tort or reckless disregard of other's rights may recover damages for resulting mental pain and anguish); Stewart v. Williams, 243 Ga. 580, 582, 255 S.E.2d 699 (1979) (holding that trial court did not err in authorizing an award of damages for mental pain and suffering even though plaintiff alleged no physical injury).

Moreover, as indicated above, a plaintiff merely seeking to recover for mental anguish damages is not required to satisfy the elements of a claim for "intentional infliction of emotional distress" or otherwise establish that Defendants' conduct was "outrageous" as is required to state a tort claim.  See Walters, 803 F.2d at 1146; St. Paul Fire & Marine Ins. Co., 255 Ga. App. at 21.  The law cited by Defendants does not suggest otherwise. Defendants only cite Stephens v. Waits, 53 Ga. App. 44 (1936), to

8

support their argument.   <u>Stephens</u> does not even address the issue for which it is cited, and the word "outrageous" appears nowhere in the opinion.   <u>See</u> <u>id.</u>

In fact it appears that, under Georgia law, mental distress damages may be recovered whenever pain and suffering is caused by a "wanton, voluntary or intentional act the natural result of which is the causation of mental suffering and wounded feelings." <u>St. Paul Fire & Marine Ins. Co. v. Clark</u>, 255 Ga. App. 14, 21 (2002) (quoting <u>Tuggle v. Wilson</u>, 248 Ga. 335, 337(2), 282 S.E.2d 110 (1981)); <u>Clark v. West</u>, 196 Ga. App. 456, 395 S.E.2d 884 (1990).   Such damages may be proven by showing that the plaintiff has suffered mental anguish – in the form of depression, irritability, anger, anxiety, worry, sadness, or aggravation of a pre-existing condition — as a result of a defendant's intentional or fraudulent conduct.   <u>See</u> <u>Walters</u>, 803 F.2d at 1146; <u>St. Paul Fire & Marine Ins.</u>, 255 Ga. App. at 21; <i>Ga. Law of Damages</i> §§ 4:3 & 30:1; <u>see</u> <u>also</u> <u>e.g.</u>, <u>Rosenfeld v. Young</u>, 117 Ga. App. 35, 159 S.E.2d 447 (1967) (holding that jury charge authorizing damages for mental pain and suffering was warranted when there was testimony that plaintiff had become more irritable, sensitive, sad, nervous, and more difficult after the accident).   Loss of capacity to work and similar financial crises may also be considered mental suffering.   <u>See</u> <u>St. Paul Fire & Marine Ins.</u>, 255 Ga. App. at 21; <u>Kroger Co. v. Green</u>, 190 Ga. App. 318, 319 (1989); <u>Wilson & Bro. v. White</u>, 71 Ga. 506 (1884).

Defendants have likewise failed to demonstrate that a claim for mental anguish damages is subject to the two-year statute of limitations for personal injury claims. Once again, Plaintiff did not state an independent tort claim in her first Amended Complaint.   Thus, the only relevant statute of limitations appears to be the four-year statute of limitations for the underlying fraud claims.   See Reaugh v. Inner Harbour Hosp., Ltd., 214 Ga. App. 259, 447 S.E.2d 617 (1994) (holding that general statute of limitation, O.C.G.A. § 9-3-33, was inapplicable to claim for fraud, which has its own four-year statute of limitations); Hamburger v. PFM Capital Mgt, Inc., 286 Ga. App. 382, 387, 649 S.E.2d 779 (2007) ("In Georgia, the statute of limitation for fraud claims is four years."); see also O.C.G.A. § 18-2-79 (creating four-year statute of limitations for fraudulent transfers). Certainly, if a tort claim is filed within the statute of limitations, any claim for damages naturally flows therefrom; an element damages does not generally carry its own statute of limitations.

The case cited by Defendants, Cheeley v. Henderson, 197 Ga. App. 543, 398 S.E.2d 787 (1990), does not hold otherwise.   Cheeley involves a legal malpractice action. Legal practice sounds in both contract and tort.[2]   Id. at 546, *rev'd on other grounds*, 261

_____

2 In Cheeley, the Georgia Court of Appeals explains
   "It has long been the law in this state that a cause of action for legal malpractice, alleging negligence or unskillfulness, sounds in contract (agency) and, in the case of an oral agreement, is subject to the four-year statute of limitation in OCGA § 9-3-25. [S]uch a

Ga. 498 (1991); see also Gingold v. Allen, 272 Ga. App. 653, 655 613 S.E.2d 173 (2005). Thus, a single act of malpractice may have two different statutes of limitations – four years for breach of contract under O.C.G.A. § 9-3-25 and two years for any personal injury under OCGA § 9-3-33.   See Cheeley, 179 Ga. App. at 546; Harrison v. Beckham, 238 Ga. App. 199, 200, n. 2, 518 S.E.2d 435 (1999) (explaining that statute of limitations for legal malpractice depends on whether action sounds in contract or tort). Bifurcation of a legal malpractice claim is of course necessary when mental anguish damages are sought because damages for pain and suffering may not be recovered as a consequence of a breach of contract. See Davis v. Aetna Cas. & Sur. Co., 169 Ga. App. 825, 828, 314 S.E.2d 913 (1984), rev'd in part on other grounds, 253 Ga. 376 (1984) ("Damages for pain and suffering . . . may not be recovered as consequential to a breach of contract.").

Accordingly, in Cheeley, the Georgia court bifurcated the malpractice claim when determining the statute of limitations and applied the two-year statute limitations to the claims seeking recovery for personal injuries.   Id. at 547.   Cheeley simply demonstrates that the nature of a legal malpractice claim (i.e., whether it sounds in contract or tort) and the relevant statute of limitations may be determined by the type of damages sought.

---

cause of action (can) also sound in tort and, thus, be subject to the one-year and/or two-year limitation of OCGA § 9-3-33. Thus, a plaintiff who alleges legal malpractice has two years to bring an action for tort, and four years to bring an action for breach of contract."

Cheeley, 197 Ga. App. at 546-47 (citations omitted).

The present case obviously does not involve a claim for legal malpractice. Plaintiff's claim for mental anguish damages arises from Defendants' alleged fraud. Unlike breach of contract, fraud is an intentional tort for which personal injury damages (including those arising from wounded feelings and injury to reputation) can be recovered.   Zieve v. Hairston, 266 Ga. App. 753, 759, 598 S.E.2d 25 (2004) ("[P]ersonal injury damages can be recovered in a fraud action."); St. Paul Fire & Marine Ins. Co., 255 Ga. App. at 21 ("holding that damages for mental suffering were recoverable in fraud). Defendants have thus failed to demonstrate that Plaintiff is absolutely time-barred from recovering the damages sought.

Finally, in their Reply Brief, Defendants assert that Plaintiff's claim for mental anguish damages must fail because Plaintiff has not identified admissible, non-contradictory evidence of her mental anguish, pain, and suffering or evidence that Defendants' non-payment actually caused her injuries.   In a related motion [Doc. 230], Defendants move to strike Plaintiff's supporting affidavit on the same grounds.

Obviously, Plaintiff was not required to create a genuine issue of material fact in her Response brief as to her damages claim because Defendants did not address this claim in their initial brief.   That notwithstanding, Defendants' Reply fails to demonstrate that there is an absence of a general issue of material fact, and thus no further response is necessary.   Plaintiff's Affidavit may support her claim for damages.

Defendants first argue that Plaintiff's affidavit should not be considered as evidence of her pain and suffering because it is not based upon personal knowledge and contains inadmissible hearsay.   In her affidavit, Plaintiff avers, in part, that (1) she has "suffered mental anguish and financial hardship" because of Defendants' "failure to pay her legitimate judgment against them," (Aff. at ¶ 4); (2) she suffered "depression" because she was "unable to continue to live in her house" due to the "enormous expense required to try to keep it in habitable condition" (Aff. at ¶ 6); (3) she would have been able to afford to keep the home "had the judgment been paid" (Aff. at ¶ 7); and (4) she has suffered "great financial hardship resulting in significant overdrafts and insufficient fund surcharges on [her] checking account" because of Defendants' actions, which "has caused [her] mental anguish" (Aff. at ¶ 19).

These things are certainly within Plaintiff's personal knowledge.   She knows that Defendants have not paid her judgment, and she knows the mental anguish and distress that this has caused her.   Plaintiff may testify as to her own mental suffering and her lay opinion as to its cause.   See Fed. R. Evid. 701.   This testimony is also sufficient to create a jury issue as to whether Plaintiff is entitled to recover damages for mental anguish, pain, and suffering.   St. Paul Fire & Marine, 255 Ga. App. at 21-22 (plaintiff's testimony about their own mental suffering was sufficient to support award of damages for mental anguish); see also In re Mosley, 494 F.3d 1320, 1325 (11th Cir. 2007) (holding that debtor

13

could properly testify from personal knowledge about how his struggles with depression, back pain, and the side effects of his medication affected his ability to work).

Though Defendants' argument would lead you to believe otherwise,[3] Rule 56 does not require an affidavit to expressly state that it is based on personal knowledge; the rule and applicable law merely require that an affidavit be made on personal knowledge. See Fed. R. Civ. P. 56(c)(4); McLendon v. Georgia Kaolin Co., Inc., 782 F. Supp. 1548, 1557 (M.D. Ga. 1992) ("[A]n affidavit may only be considered in ruling on summary judgment if it was made *based on* personal knowledge. . . .") (emphasis added). While "a clear statement that an affidavit is based on personal knowledge would satisfy Rule 56[]'s requirement, . . . [p]ersonal knowledge and competence to testify may be inferred from the affidavits themselves." Davis v. Valley Hospitality Svcs, L.L.C., 372 F. Supp. 2d 641, 653 (M.D. Ga. 2005), *rev'd in part on other grounds*, 211 Fed. Appx. 841 (11th Cir. 2006).  Thus, those portions of Plaintiff's affidavit which are obviously based on information within the scope of Plaintiff's personal knowledge, as those cited above, need not be struck.

Defendants are correct that portions of Plaintiff's affidavit are hearsay.

---

3 Defendants' Brief in Support of their Motion to Strike [Doc. 230] states, "Because the Tindall Affidavit fails to comply with Fed. R. Civ. P. 56(c)(4) and applicable law by stating that it is based on personal knowledge, the Tindall Affidavit should be stricken in its entirety." (See Brief at 4)

Nonetheless, it appears that much of the hearsay may be reduced to admissible form at trial; and thus it may also be considered by the Court on summary judgment.  See Macuba v. Deboer, 193 F.3d 1316, 1323-24 (11th Cir. 1999).

Based on this, the Court finds that admissible portions of Plaintiff's Affidavit do in fact create a jury question as to whether she suffered mental anguish, pain, and suffering and whether that distress was somehow caused by Defendants' actions.[4] Likewise, to the extent that Plaintiff may have had pre-existing medical issues and financial troubles, it will be for a jury to determine what portion, if any, of her distress, depression,[5] and anguish may be attributed to Defendants' alleged conduct.  See e.g., Canterbury v. Spence, 464 F.2d 772, 795 (D.C. Cir. 1972) ("It was for the jury to say, on the whole evidence, just what contributions [plaintiff's] preexisting condition and [defendant's conduct] respectively made to the disabilities.").

Plaintiff's Motion to File a Sur-Reply is, therefore, **DENIED** [Doc. 242] as the Court does not find any response to the arguments raised for the first time in

---

[4]  This Court has discretion to consider only portions of an affidavit.  See Story v. Sunshine Foliage World, Inc., 120 F.Supp.2d 1027, 1030 (M.D. Fla. 2000).

[5]  On summary judgment, the court is required to construe all facts and assertions in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254-55, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  In portions of her affidavit, it is unclear whether Plaintiff is referring to medically diagnosed clinical depression or simply a depressed mood or emotional state. (See Aff. At ¶¶ 12, 13 & 17).  For the purpose of this finding, the Court is referring to claims of a depressed mood rather than a diagnosed medical condition of depression, and for this reason the Court does not find that her affidavit is entirely inconsistent with her deposition testimony as alleged by Defendants or otherwise void for lack of medical expert testimony.

Defendants' Reply Brief to be necessary.  The Court likewise finds that Defendants' arguments were sufficiently briefed such that no oral argument is required, and therefore the Motions for Oral Argument [172 & 178] are also **DENIED** in relevant part.

Defendants' related Motion to Strike the Affidavit of Terry Tindall [Doc. 230] is **DENIED** with respect to the portions of the affidavit considered admissible herein.   The remainder of the Affidavit need not be addressed at this time.   However, Defendants may certainly restate or renew any unaddressed objections prior to trial as appropriate.

## CONCLUSION

For these reasons, Defendants' "Motion for Partial Summary on Plaintiff's Claims for Mental Anguish, Pain and Suffering" [Doc. 153], Plaintiff's Motion to File a Sur-Reply [Doc. 242], and Defendants' Motion to Strike the Affidavit of Terry Tindall [Doc. 230] are all **DENIED**. The parties Motions for Oral Argument [172 & 178] are **DENIED** in relevant part.

SO ORDERED this 20th day of October, 2011.

S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr

16