THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRY CARTRETTE TINDALL, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action |
| | : | No.   5:10-CV-044(CAR) |
| H & S HOMES, LLC, et. al., | : | |
| | : | |
| Defendants. | : | |

_____

ORDER ON HORTON DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT REGARDING
THEIR FOURTH, FIFTH, AND SIXTH DEFENSES

Currently before the Court is the Horton Defendants' Motion for Partial Summary Judgment regarding Defendants' fourth, fifth, and sixth defenses [Doc. 164].  Through this Motion, Defendants argue that they are entitled to summary judgment on Plaintiff's fraudulent transfer claims arising out of (1) the default judgment entered in February of 2005 and (2) any transfer of funds occurring between January 2005 and August 2008, as those claims are all barred by the relevant statute of limitations. See O.C.G.A. § 18-2-29. Plaintiff concedes (1) that the default judgment is no longer actionable under the Georgia Uniform Fraudulent Transfers Act, O.C.G.A. § 18-2-70, *et. seq.*; (2) that any other transfers occurring prior to February of 2006 are not actionable under O.C.G.A. 18-2-74(a); and (3) that none of the transfers occurring between January 2005 and August of 2008 are

1

actionable under O.C.G.A. 18-2-75(b). Summary Judgment is thus **GRANTED** in favor of the Horton Defendants as to those claims. Defendants' Motion, however, is **DENIED** with respect to Plaintiff's O.C.G.A. 18-2-74(a) claims based transfers occurring *after* February of 2006.

## STANDARD OF REVIEW

Summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

On a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323. If the moving party discharges this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991); see Fed. R. Civ. P. 56(e); Celotex,

477 U.S. at 324 26.   This evidence must consist of more than mere conclusory allegations or legal conclusions.   See Avirgan, 932 F.2d at 1577.

Summary judgment must be entered when "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."   Celotex, 477 U.S. at 323.

## DISCUSSION

Plaintiff's Complaint, filed on February 2, 2010, identifies several transactions or series of transactions which she claims were fraudulent as defined by the Georgia Uniform Fraudulent Transfers Act ("UFTA"), O.C.G.A. § 18-2-70, et. seq.   Among these "transfers," Plaintiff has identified (1) a default judgment entered and published in February of 2005 and (2) a series of payments from Defendant H&S Homes, L.L.C. to Defendant Horton Homes, Inc. occurring between January 2005 and August of 2008.

Through the present Motion, the Horton Defendants have successfully shown that the UFTA claims based upon some of these transactions are barred by the relevant statute of limitations.   O.C.G.A. § 18-2-79 provides the statute of limitations for all claims brought pursuant to the UFTA:   Claims brought under O.C.G.A. § 18-2-74(a) for transfers made "with the actual intent to hinder, delay, or defraud any creditor of the debtor" must be brought within four years of the transfer or within one year after the transfer could have been reasonably discovered. O.C.G.A. § 18-2-79(1).   Claims brought

3

pursuant to O.C.G.A. § 18-2-75(b) based on transfers made to an insider for an antecedent debt have a shorter statute of limitation, and must be brought within one year of the transfer. O.C.G.A. § 18-2-79(3).

Given the dates of the relevant transfers, Plaintiff concedes that (1) the default judgment is no longer actionable under UFTA; (2) any transfers occurring prior to February of 2006 are not actionable under O.C.G.A. 18-2-74(a); and (3) none of the transfers occurring between January 2005 and August of 2008 are actionable under O.C.G.A. 18-2-75(b). Plaintiff thus agrees that summary judgment is due to be **GRANTED** in favor of the Horton Defendants, but only with respect to these UFTA claims arising out of these specific transfers.

The parties disagree as to whether Plaintiff has any actionable UFTA claim, under O.C.G.A. § 18-2-74(a), based upon those transfers occurring between February 2006 and August 2008.  Plaintiff contends that these transfers are actionable under the theory that the payments were made with the "intent . . . to defraud."  See O.C.G.A. § 18-2-74(a). Defendants argue that, because these payments were made to satisfy an antecedent debt to Horton Homes (an insider), any UFTA claims arising from these transfers may *only* be brought under O.C.G.A. 18-2-75(b) (dealing with the payment antecedent debts to insiders), a claim which is undisputedly time-barred.  The issue, therefore, is whether Plaintiff is permitted to pursue her claims under O.C.G.A. § 18-2-74(a), even though the

4

transfers have been shown to be repayments of an antecedent debt to an insider. If she can, it is undisputed that those claims would not be barred by the relevant four-year statute of limitation. See O.C.G.A. §18-2-79(1).

According to Defendants, it is undisputed that the transfers in question were repayments of antecedent debt by H&S Homes to an insider, Horton Homes. There is also no dispute that such transfers may give rise to a UFTA claim under O.C.G.A. 18-2-75(b) if brought within the relevant statute of limitations. Defendants, however, are unable to cite any law for the proposition that a fraudulent transfer claim cannot also be brought under O.C.G.A. 18-2-74(a) on the basis of such repayments being made "with the fraudulent intent to hinder, delay, or defraud any creditor of the debtor."

In the absence of any law on point, Defendants argue that public policy would be offended if "one non-insider creditor was allowed to attack a debtor's repayment of debt to another non-insider creditor on grounds of intent to delay, hinder, or defraud creditors with a four-year statute of limitations, . . . as any insolvency or liquidation would result in a war between third party creditors, attempting to require competing creditors to repay debt payments received from the debtor." (Deft. Br. in Reply [Doc. 234] at p. 6). Defendants' policy theory may be correct, and it may likely be reason that the drafters of the UFTA limited the scope of O.C.G.A. §18-2-75(b) to those payments made to insiders.

That does not mean, however, that transfers to insiders based upon antecedent debts may not also give rise to claims that the repayments were made "with the fraudulent intent to hinder, delay, or defraud any creditor of the debtor." There is nothing in the plain language of statute limiting claims brought under O.C.G.A. § 18-2-74(a) to transfers made to non-insiders. Nor is there any language indicating that claims brought under this subsection could not be based upon transfers made under the guise of an antecedent debt. See O.C.G.A. § 18-2-74(a). Clearly, through O.C.G.A. § 18-2-75(b), the drafters of the law demonstrated that they could specify such limitations, but they apparently chose not to in O.C.G.A. § 18-2-74(a). This Court will thus decline to impose this limitation when the law does not require it.

Indeed, it appears that these two code sections are more appropriately distinguished by the requirement to show intent, rather than by the parties to the transaction or the reason proffered for the transfer. On its face, O.C.G.A. § 18-2-75(b) is a constructive fraud statute which does not require any actual proof of intent to defraud. To prove that a transfer was fraudulent under § 18-2-75(b) a plaintiff need only show "the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent." Id. Section O.C.G.A. § 18-2-74(a), on the other hand, applies to *any* transfers or obligations incurred, and to prevail on a claim under this subsection, a plaintiff must

6

produce evidence of an "intent to hinder, delay, or defraud" the creditor. Thus, contrary to Defendants' assertions, the two causes of action are not mutually exclusive. Defendants have thus failed to persuade this Court that a single transfer cannot give rise to a claim under both code sections.

Though not precedent, the Court's position is mirrored in a Michigan case cited by Plaintiff: Zervos Group, Inc. v. Thompson Asphalt Products, Inc., 2006 WL 1156369 at *6 (Mich. App. May 2, 2006) (unpublished). There, the trial court granted summary judgment on a claim brought under a provision of Michigan law identical to § 18-2-75(b) because the one-year statute of limitations had to run. Id. The trial court, nonetheless, allowed the plaintiff to proceed on a claim under a provision identical to § 18-2-74(a) based upon the same transfer because the transfer occurred within the four-year statute of limitations. Id. The state appellate court later upheld the ruling, recognizing that "nothing in the UFTA restricts a single transfer or conveyance from meeting the requirements of fraudulence under more than one provision of the act." Id.

The Court also notes that Georgia has long held that the payment of adequate consideration does not necessarily foreclose a finding fraud. See Lewis v. Lewis, 210 Ga. 330, 332 80 S.E.2d 312 (1954). Indeed, "[t]he question as to whether [a transfer was made] with intention to delay or defraud . . . , or whether the transaction was a bona fide one upon a valuable consideration . . . , is ordinarily one for determination by a jury."

7

Id. Thus, if this Court was to find that a repayment of antecedent debt could not, as a matter of law, also be made with the intent to hinder, delay, or defraud another creditor, the finding would be contrary to longstanding Georgia law. See id.; McMillan v. Sasser, 235 Ga. 59, 59, 218 S.E.2d 810, 810 (1975) (finding sufficient evidence of fraud to sustain jury verdict in favor of creditor even though transfer discharged a preexisting debt); see also Grafton v. Meikleham, 246 F. 737, 742 (5th Cir. 1917) ("Though he transferred his earned salary to his lawyer to secure a debt he owed him, yet, if his real purpose in so doing was his declared purpose, viz. to hinder and delay his principal creditor in her right to have a part of the sum applied to her judgment, this would constitute a transfer of his property with intent to hinder, delay, or defraud his creditors.").

For all of these reasons, the Court finds that Plaintiff is not precluded from bringing claims under O.C.G.A. § 18-2-74(a) based upon the monetary transfers from H&S to Horton Homes occurring *after* February 2006 – even though such transfers may have been repayments of an antecedent debt to an insider. If Plaintiff can produce evidence that Defendants' real intent in making these payments was to hinder, delay, or defraud Plaintiff, she may recover under O.C.G.A. § 18-2-74(a), and because these payment were made after February 2006, the claims are not barred by the relevant four-year statute of limitations. See O.C.G.A. § 18-2-79.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment [Doc. 164] is accordingly granted in part and denied in part.  The Motion is **GRANTED** as to (1) Plaintiff's UFTA claims based on the default judgment entered in February of 2005; (2) Plaintiff's O.C.G.A. § 18-2-74(a) claims based upon transfers occurring *prior to* February of 2006; and (3) Plaintiff's O.C.G.A. 18-2-75(b) claims based upon the transfers occurring between January 2005 and August of 2008.  The Motion is **DENIED** with respect to Plaintiff's O.C.G.A. 18-2-74(a) claims arising from any transfers occurring *after* February of 2006.

Plaintiff's pending Motion to File a Sur-Reply [Doc. 245] is **DENIED** as **MOOT**, and because the Court finds that Defendants' arguments were sufficiently briefed such that no oral argument is required, the pending Motions for Oral Argument [172 & 178] are also **DENIED** in relevant part.

SO ORDERED this 9th day of November 2011.

S/   C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

jlr