THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRY CARTRETTE TINDALL, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action |
| | : | No.   5:10-CV-044(CAR) |
| H & S HOMES, LLC, et. al., | : | |
| | : | |
| Defendants. | : | |

_____

ORDER ON HORTON DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THEIR SECOND AND THIRD DEFENSES

Currently before the Court is the Horton Defendants' "Motion for Partial Summary Judgment on their Second and Third Defenses" [Doc. 163].  Through this Motion and the supporting briefs, Defendants contend that they are entitled to summary judgment on any fraudulent transfer claims brought by Plaintiff which arise from the default judgment entered in February of 2005.  Defendants attempt to show that the default judgment (1) was not a "transfer" as contemplated by the Georgia Uniform Fraudulent Transfers Act ("UFTA"), O.C.G.A. § 18-2-70, *et. seq.*; (2) is not "interfering with" Plaintiff's rights in law or in equity as required to prevail on a claim brought pursuant to O.C.G.A. § 18-2-21, and (3) may not be the basis of a O.C.G.A. § 18-2-21 claim because she has conceded that her UFTA claims are time barred.

1

Because this Court has already granted summary judgment on all UFTA claims arising out the default judgment (See Order, November 9, 2011 [Doc. 278]), the Court finds the first portion of Defendants' Motion to be **MOOT**.   The only relevant issue, therefore, is whether Defendants are entitled to summary judgment on claims brought under O.C.G.A. § 18-2-21.   For the reasons discussed below, the Court finds that the present Motion is in fact due to be **GRANTED** in favor of the Horton Defendants because (1) Plaintiff has failed to identify evidence which demonstrates that the default judgment is "interfering with" her rights and (2) the claim is time-barred.

## STANDARD OF REVIEW

Summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

On a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323.   If the moving party discharges this burden, the burden shifts

to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991); see Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324 26.   This evidence must consist of more than mere conclusory allegations or legal conclusions.   See Avirgan, 932 F.2d at 1577.

Summary judgment must be entered when "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 477 U.S. at 323.

## DISCUSSION

Through the present action, Plaintiff Terry Tindall is attempting to attack certain conveyances between the Horton Defendants as fraudulent pursuant to O.C.G.A. § 18-2-21. One such transfer is a default judgment entered in February of 2005.

The undisputed facts, viewed in the light most favorable to Plaintiff, show that, in early 2005, Defendant Horton Homes, Inc. filed suit against its own subsidiary Defendant H&S Homes, L.L.C. at the direction of Defendant Dudley Horton.   Dudley Horton made the decision to file suit shortly after an Alabama judgment was entered against H&S Homes.   When he made this decision, Defendant Horton did not advise the Horton Homes Board of Directors, and there are no documents concerning the

3

decision to sue H&S Homes.   Defendant Horton claims that the decision was merely an effort to recoup funds Horton had previously lent to H&S.   H&S, however, was always undercapitalized, could not operate without loans from Horton Homes, and had already paid back $17 million of the debt it owed to Horton Homes.

Defendant Horton made the decision to sue H&S Homes without ever discussing the matter with Defendant Steve Sinclair, the president of H&S Homes and long-time Horton business partner.   When he received notice of the lawsuit, Defendant Sinclair contacted a Horton attorney and was advised to allow a default judgment.   H&S Homes never answered the complaint, and Horton was awarded a default judgment in the amount of $22,003,000.00.   Despite the huge liability involved and the financial devastation the suit would cause H&S, Sinclair never attempted to discuss the lawsuit with Defendant Horton or the H&S Board of Directors; he simply allowed the default.

Thereafter, a FiFa was issued, and the judgment was recorded in Putnam County. The judgment was *only* recorded in Putnam County, however.   It was never recorded in any other county or state, and at the time the default judgment was entered, H&S Homes owned no real estate in Putnam County.   Thus, no money belonging to H&S Homes was ever seized, garnished, or subjected to other levy as a result of the default judgment, except $14,005.96 which arose out of a garnishment action commenced by attorney Ken Hall representing another client, Christina McDonald, who was attempting to levy on

4

funds of H&S Homes on deposit with Peoples Bank.   When the garnishment action was filed, a Horton attorney filed papers seeking to preclude any garnishment by asserting that Horton Homes had a prior claim to the $14,005.96 paid into Putnam County Superior Court as a result of the February 21, 2005 default judgment.   The McDonald claim was then withdrawn, and the $14,005.96 was paid to Horton Homes.

Plaintiff Tindall, however, never asserted any claim to funds in Putnam County. Plaintiff levied on some assets of Defendant H&S Homes in South Carolina, and these efforts were never affected by the default judgment.

Of course, the lack of other legal action by Horton Homes to recover the judgment did not preclude H&S from making payments on the debt it owed to Horton Homes. H&S in fact paid $8,288,000.00 to Horton Homes before it ceased doing business. However, no portion of the judgment awarded to Plaintiff Terry Tindall was ever paid.

Accordingly, Plaintiff is now attempting to recover the money owed to her by demonstrating that the default judgment was fraudulent.   O.C.G.A. § 18-2-21 in fact permits a creditor to "attack as fraudulent a judgment, conveyance, or any other arrangement interfering with their rights, either at law or at equity."   This provision is similar to those included in the Georgia Uniform Fraudulent Transfers Act ("UFTA"), O.C.G.A. § 18-2-70, *et. seq.*

O.C.G.A. § 18-2-21 predates the UFTA, however, and is thus not limited by its

construction.  See Miller v. Lomax, 266 Ga. App. 93, 96, 596 S.E.2d 232, 238 (2004) (holding that a conveyance "may be challenged as fraud against the . . . plaintiffs' rights as creditors under OCGA § 18-2-21 and the Uniform Fraudulent Transfers Act . . . ."). When enacted, the UFTA repealed and replaced the "former [O.C.G.A.] § 18–2–22, which defined the conveyances by debtors that are *per se* fraudulent," but it "left intact § 18–2–20, which provides that the rights of creditors are favored in the courts, and § 18–2–21, which provides creditors with the right to attack judgments or conveyances which interfere with their rights." Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1081 (11th Cir. 2004).

On summary judgment, Defendants assert that Plaintiff may not recover under either OCGA § 18-2-21 or the UFTA for claims arising from the 2005 default judgment. Defendants' first argument is based on the "Second Defense" contained in their Answers, which asserts that the default judgment was not a "transfer" of property as required to state a claim under the UFTA.  Because this Court has already granted summary judgment on all UFTA claims arising out the default judgment (Order, November 9, 2011 [Doc. 278]), the first portion of Defendants' Motion is **MOOT**.

The Court, however is persuaded by the remainder of Defendants' Motion.   For the reasons discussed below, the Court finds that Plaintiff has failed to identify evidence demonstrating how the default judgment is "interfering with" her rights, and even if she had identified such evidence, her claim would be time-barred.

I.    Plaintiff's Substantive Claim

In their Motion, Defendants argue that the default judgment of 2005 does not give rise to a claim under OCGA § 18-2-21.   This is based on the "Third Defense" of their Answer, which asserts that the default judgment is not "interfering with" Plaintiff's rights as required to state a claim under this statute.   Defendants have in fact shown that the default judgment was only partially enforced and has had no actual effect on Plaintiff's attempt to collect her judgment.   The default judgment was never recorded anywhere other than in Putnam County, Georgia, and at the time the default judgment was entered, H&S Homes owned no real estate in Putnam County.   Indeed, no money belonging to H&S Homes was ever seized, garnished, or subjected to other levy as a result of the default judgment, except $14,005.96 which arose out of a garnishment action by another creditor.   It is further undisputed that Plaintiff never attempted to assert any claim to funds in Putnam County.   Plaintiff did levy on some assets of Defendant H&S Homes in South Carolina, but this was in no way affected by the default judgment.

Plaintiff has, in response, failed to identify evidence demonstrating that the default judgment is somehow "interfering with" her rights as a creditor.   Though Plaintiff *does* present evidence suggesting that Defendants "intended to interfere" with the rights of Plaintiff and similar creditors when H&S was allowed to go into default, O.C.G.A. § 18-2-21 does not apply to judgments and conveyances entered into with the

"intent to interfere" with the rights of a creditor.  That claim arises under the UFTA, O.C.G.A. § 18-2-74(a).  As plainly stated, § 18-2-21 only allows creditors "to attack as fraudulent a judgment, conveyance, or any other arrangement" which is "*interfering with*" the creditor's rights, "either at law or in equity." <u>Id.</u> (emphasis added).  This implies that a creditor must show that the judgment is actually "interfering with" her rights before she may successfully attack it as fraudulent. Plaintiff has failed to identify sufficient evidence of how the default judgment is "interfering with" her rights.

Indeed, the plain meaning of the word "interfere" means "to interpose in a way that burdens or impedes."  <u>See</u> *Merriam–Webster's Collegiate Dictionary* 610 (10th ed. 1995).  Thus, until Defendant Horton Homes' prior claim in Putnam County actually burdens or impedes Plaintiff's recovery or ability to collect her judgment, she cannot demonstrate that the judgment is "interfering with" her rights in law or in equity so as to state a claim under O.C.G.A. § 18-2-21.  That is not to say that a creditor may not attempt to demonstrate, in some cases, that potential or likely interference with her rights is actionable under O.C.G.A. § 18-2-21.  Plaintiff, however, did not attempt to make that argument and has not identified any law suggesting that this is the case.

Thus, based on the evidence presented, the Court must find that Plaintiff has not created a jury question with respect to her O.C.G.A. § 18-2-21 claim.

II.   <u>Statute of Limitations</u>

Defendants also argue that, even if Plaintiff had identified evidence on summary judgment demonstrating how the default judgment is "interfering with" her rights as a creditor, Plaintiff is precluded from pursuing a O.C.G.A. § 18-2-21 claim arising from the default judgment since she conceded that her UFTA claims are barred by its four-year statute of limitations.

Unlike in the UFTA, there is no statutorily defined time period for bringing an action pursuant to O.C.G.A. § 18-2-21. Defendants thus seem to contend that the four-year statute of limitations included in the UFTA controls Plaintiff's claim under O.C.G.A. § 18-2-21 because "[t]he only attack made by Plaintiff alleging fraud in connection with the default judgment is her time-barred claim under the UFTA." The Court is not persuaded that Plaintiff is barred from bringing claims under O.C.G.A. § 18-2-21 and the UFTA independently of one another.  <u>See</u> <u>Miller</u>, 266 Ga. App. at 96; <u>Chepstow</u>, 381 F.3d at 1081.   Defendant has cited no case law suggesting that § 18-2-21 cannot give rise to its own cause of action for fraud.   The Court is likewise unpersuaded that § 18-2-21, which predates the UFTA, is somehow controlled by the UFTA's statute of limitations.   Other courts considering this argument have rejected it.   <u>See</u> <u>e.g.</u>, <u>In re Int'l</u> <u>Mgmt Assoc., LLC</u>, 2010 WL 2026442 at *3 (Bkrtcy. N.D. Ga. April 9, 2010) ("The Court finds unpersuasive the Trustee's argument that the Court should apply the statute of

limitations set forth in the UFTA.").

In support of her claim, Plaintiff contends that O.C.G.A. § 18-2-21 is governed by the statute of limitation determined to exist for the now repealed O.C.G.A. § 18-2-22. Plaintiff further contends that this statute of limitation is seven years. See Jones v. Spindel, 239 Ga. 68, 69, 235 S.E.2d 486, 487 (1977). Plaintiff is, at most, only partially correct. Georgia courts have found that the statute of limitations for claims brought under § 18-2-22 was seven years, but only with respect to conveyances of real property. See id.; Dulock v. Hunerwadel ( In re Dulock ), 282 B.R. 54, 58 (Bankr. N.D. Ga. 2002). This statute of limitation obviously would not apply here, as it is undisputed that H&S owned no real property in Putnam County and that no real property was conveyed as a result of the default judgment.

The Court must, therefore, look to the statute of limitations for O.C.G.A. § 18-2-22 claims based upon conveyances of personalty. Multiple courts have determined that the limitations period applicable to such claims is four years. See e.g., Stenger v. World Harvest Church, Inc., 2006 WL 870310 at * 6 (N.D. Ga. March 31, 2006) ("The limitations period applicable to Plaintiff's claims under O.C.G.A. § 18-2-22, the parties agree, is four years from the date the action accrued."); In re Int'l Mgmt Assoc., 2010 WL 2026442 at * 3 ("[T]he presumptive statute of limitations for an action under § 18–2–22, as presented here, is four years.").

10

Thus, either way, as with Plaintiff's UFTA claims, any independent claim brought by Plaintiff under § 18–2–21 based on the 2005 default judgment would be time-barred. A four-year statute of limitation would apply regardless of which statute controlled.

For these reasons, the Court finds that Plaintiff's claims brought pursuant to O.C.G.A. § 18–2–22 and arising out of the default judgment fail as a matter of law. Plaintiff has failed to identify evidence which demonstrates that the default judgment is "interfering with" her rights, and even if she could identify such evidence, the claim would be time-barred.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment [Doc. 163] is accordingly **GRANTED**, **in part**.   The Motion is deemed **MOOT** as to the Second Defense, but it is **GRANTED** as to the Third Defense and because the claim is time-barred.

Because the Court read and considered the legal arguments included in Plaintiff's Motion to File a Sur-Reply [Doc. 244], that Motion is **GRANTED**, but only with the respect to the legal arguments included within the Motion and already considered by the Court.   No further briefing is deemed necessary.   Likewise, because the Court finds that Defendants' arguments were sufficiently briefed, no oral argument is required, and the parties' Motions for Oral Argument [172 & 178] are **DENIED** in relevant part.

SO ORDERED this 18th day of November, 2011.

S/   C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

jlr