THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TERRY CARTRETTE TINDALL,　　　:
　　　　　　　　　　　　　　　　:
　　　Plaintiff,　　　　　　　　:
v.　　　　　　　　　　　　　　　:　　Civil Action
　　　　　　　　　　　　　　　　:　　No.　5:10-CV-044(CAR)
H & S HOMES, LLC, et. al.,　　 :
　　　　　　　　　　　　　　　　:
　　　Defendants.　　　　　　　 :
_____

## ORDER ON HORTON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATE LAW PREFERENCE CLAIM

Currently before the Court is the Horton Defendants' "Motion for Partial Summary Judgment Respecting Plaintiff's Allegations of a State Law Preference Claim" [Doc. 168].   Through this Motion, Defendants essentially conduct a fishing expedition to determine the exact basis for "The Preference" claim asserted in Plaintiff's Complaint.

In her Response to Defendants' Motion, Plaintiff explains that her claim titled "The Preference" is in fact a claim for "breach of trust" against the members and managers of Defendant H&S Homes, specifically Defendants N. Dudley Horton Jr. and Horton Homes, Inc.  Plaintiff contends that these Defendants improperly used their position with H&S Homes for the purpose of preferring themselves over any creditor

and thereby breached a duty owed to Plaintiff under Georgia law.   See Ware v. Rankin, 97 Ga. App. 837, 839, 104 S.E.2d 555 (1958).

The only relevant issue, therefore, is whether Defendants are entitled to summary judgment on the claims brought under this theory.   For the reasons discussed below, Defendants have failed to persuade the Court that Plaintiff's claim is not one recognized by Georgia law or that it is time-barred.    To that extent, the present Motion is **DENIED**.

## STANDARD OF REVIEW

Summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

On a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323.   If the moving party discharges this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a

jury verdict) or that the moving party is not entitled to a judgment as a matter of law. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991); see Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324 26.   This evidence must consist of more than mere conclusory allegations or legal conclusions.   See Avirgan, 932 F.2d at 1577.

## DISCUSSION

This Motion arises from allegations included in paragraphs 63 through 70 of Plaintiffs' original Complaint [Doc. 1].   These paragraphs essentially allege that Defendants H&S Homes, Dudley Horton, and Horton Homes, L.L.C., unlawfully conspired to transfer (and did transfer) the remaining assets of an insolvent H&S Homes for the purpose of preferring and benefitting Horton subsidiaries to the detriment of Plaintiff and other creditors.   Plaintiff asserts that this was accomplished through the payment of vast sums of money (exceeding $8 million) to Horton Homes and through the transfer of H&S property to Horton subsidiaries for less than adequate consideration.

According to the Complaint, the members and managers of H&S Homes (specifically Dudley Horton, Jr. and Horton Homes, Inc.) were, by operation of law, "the fiduciaries and trustees of the property of H&S for the benefit of its creditors including Plaintiff" when all of the challenged transfers were made. (Compl. at ¶ 65).   Plaintiff thus contends that Defendants "should be required to disgorge th[ese] preference[s] and repay to H&S a sum sufficient to [satisfy her] judgment . . . ." (Id. at ¶ 70).

3

Defendants were apparently unable to discern the exact nature of the claim stated in these paragraphs and now move for partial summary judgment because (1) Plaintiff has failed to state a claim recognized by federal or state law; (2) Plaintiff claims are barred by the statute of limitations; and (3) Plaintiff's claims are not supported by sufficient evidence.   Defendants, however, have failed to persuade the Court that Plaintiff's claims are not recognized by Georgia law or that they are otherwise time-barred.   To that extent and for the reasons discussed below, Defendants' Motion is **DENIED**.   The Court will reserve ruling on the sufficiency of Plaintiff's evidence.

I.      Plaintiff's Substantive Claim

As discussed above, Plaintiff's Complaint alleges that Defendants "were by operation of law, the fiduciaries and trustees of the property of H&S for the benefit of its creditors including Plaintiff" and that they wrongfully disposed of the H&S assets in a way which benefited and preferred the interests of Horton Homes, Dudley Horton, and the Horton subsidiaries to the detriment of H&S creditors.

On summary judgment, Defendants contend that Plaintiff may not prevail on any claim arising from these allegations.   According to Defendants, Georgia law does *not* recognize a "preference" claim.   Defendants assume, therefore, that Plaintiff has improperly asserted either (1) a claim under federal bankruptcy law; (2) a fraudulent

transfer claim under O.C.G.A. § 18-2-75(b); or (3) a "*sub silentio*" claim under O.C.G.A. § 14-2-640 and O.C.G.A. § 14-2-832.

In her Response, Plaintiff shows that much of Defendants' Motion is moot, as she never attempted to state any of those claims.  Plaintiff further shows that, despite Defendants' firm assertion to the contrary, Georgia law has long recognized the type of common law "preference claim" stated in her Complaint.

Georgia courts have, indeed, recognized that the managing officers and directors of a corporation "are charged with the duty of conserving and managing the remaining assets [of an insolvent corporation] in trust for the creditors."   In re Pharr-Luke, 259 B.R. 426, 430 (S.D. Ga. 2000) (citing Ware v. Rankin, 97 Ga. App. 837, 839, 104 S.E.2d 555 (1958)).   This trust or *quasi*-trust relationship between the officers of a corporation and its creditors requires that the debts of creditors be given preference over the corporate debts owed to officers and directors of an insolvent corporation. See McEwen v. Kelly, 140 Ga. 720, 720, 79 S.E. 777 (1913).

In other words, "[t]he officers of the corporation [have a] duty to apply [the assets of an insolvent corporation] primarily to the payment of the debts of the corporation" and may not "apply such proceeds to the payment of existing debts owing to them individually . . . ."  Fountain v. Burke, 160 Ga. App. 262, 262, 287 S.E.2d 39 (1981); Ware, 97 Ga. App. at 839 ("[O]fficers and directors may not . . .  use their position for the

purpose of preferring themselves over any creditor . . . .").   Thus, corporate officers may not "give preference to existing debts which the corporation owed to other persons, and for which such officers were primarily liable," unless the payments or preferences are "made in the performance of [an] agreement . . . entered into at or prior to the time when the liabilities were incurred, or before the insolvency of the corporation." Fountain, 160 Ga. App. at 262 (citing Tatum v. Leigh, 136 Ga. 791), 72 S.E. 236 (1911)).   "In the same way, the sole owner and president of   . . . [a] corporation [may] not, after the corporation [becomes] insolvent, seize all its remaining assets and apply them to a debt owed by the corporation to himself personally, thereby rendering it incapable of paying its other business debts." Id.   An officer, manager, or director is also obviously prohibited from intentionally misappropriating or giving away corporate assets "so that creditors are prevented from collecting their debts."   McEwen, 140 Ga. at 720.

Of course, "the officers and directors of an insolvent corporation may prefer one creditor over another and may pay a debt which is due . . . , even though the effect of the payment is to reduce assets available to other creditors . . . ." Ware, 97 Ga. App. at 838. However, "any scheme or device the purpose of which is to indemnify [the owners, officers, or directors of a corporation] against loss, whether as creditors or as endorsers of notes given by the corporation or otherwise, constitutes legal fraud." Id. at 839. Creditors thus "have a right to sue the officers and directors of the corporation" when

this type of misconduct occurs. <u>McEwen</u>, 140 Ga. at 720; <u>Hickman v. Hyzer</u>, 261 Ga. 38, 40, 401 S.E.2d 738 (1991) ("The abuse of this duty gives rise to an action against the directors to recover sums improperly paid out by the corporation."); <u>see</u> <u>also</u> <u>Ware</u>, 97 Ga. App. at 839 ("The test is the intent or purpose which induced the making of the payment or the giving of the security.").

And so, it does appear that Plaintiff may bring a claim asserting that Defendants breached a duty still recognized by Georgia common law, which required them hold H&S property in trust for the benefit of H&S creditors.  <u>See</u> <u>Fountain</u>, 160 Ga. App. at 262; <u>McEwen</u>, 140 Ga. at 720; <u>see</u> <u>also</u> <u>Hickman v. Hyzer</u>, 261 Ga. 38, 401 S.E.2d 738 (1991).  Indeed, Defendants did not dispute whether Georgia law recognizes Plaintiff's claim after her Response was filed.  The Court finds, therefore, that Plaintiff has brought a claim recognized by Georgia law.

## II.   <u>Statute of Limitations</u>

Defendants next contend that, even if Plaintiff has stated a viable claim, it is nonetheless time-barred.   According to Defendants, Plaintiff's claim mirrors either (1) a fraudulent transfer claim brought under O.C.G.A. §18-2-75(b) or (2) a claim against a corporate director for rescission of improper distributions to shareholders under O.C.G.A. § 14-2-832.   The statute of limitations is one year for claims brought under § 18-2-75(b) and two years for claims brought under O.C.G.A. § 14-2-832. <u>See</u> O.C.G.A.§

18-2-79(3); O.C.G.A. § 14-2-832(c).  Defendants thus argue that, in either case, the relevant limitations period for Plaintiff's claims has tolled.   The Court, however, is not persuaded that either of these limitation periods is applicable to Plaintiff's claim.

O.C.G.A. § 18-2-75(b), a provision of Georgia's Uniform Fraudulent Transfers Act ("UFTA"), provides that a transfer is fraudulent if it "was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent." Id.  Plaintiff's present claim does not allege that the transfers were fraudulent under UFTA.   Plaintiff alleges, in relevant part, that Defendants breached their duty to hold the corporate assets in trust for the creditors when they applied the proceeds from the sale of H&S assets primarily to the payment of existing debts owing to themselves.   See Fountain, 160 Ga. App. at 262.

Defendants' actions, of course, may also be viewed as an improper transfer of assets to an insider for an antecedent debt, actionable under O.C.G.A. § 18-2-75(b).   Even so, nothing in that statute demands that it be the sole cause of action when a transfer to an insider is made under the guise of an antecedent debt.   Plaintiff's breach of trust claim is separate and distinct from any fraudulent transfer claim, and is, as a result, not barred by UFTA's one-year statute of limitation as Defendants assert.

In the alternative, Defendants argue that the two-year statute of limitation for claims brought pursuant to O.C.G.A. § 14-2-832(a) is applicable to Plaintiff's present

8

claims because this code section is the contemporary version of the statute construed by the Georgia cases Plaintiff cites in support of her claim. See Ware, 97 Ga. App. at 837-38 (construing the 1933 version of Ga. Code Ann. § 22-709).

However, a claim for breach of duty brought pursuant to O.C.G.A. § 14-2-832 is significantly different from the breach of duty defined in the early Georgia cases.   Those cases construed the rule that

> Directors primarily represent the corporation and its stockholders, but when the corporation becomes insolvent they are bound to manage the remaining assets for the benefit of its creditors, and cannot in any manner use their powers for the purpose of obtaining a preference or advantage to themselves.

Ware, 97 Ga. App. 837 (citing Ga. Code Ann. § 22-709).   Though codified at one time, the rule actually originated in common law long before its codification in 1933.   See id. at 837-38 (citing Lowry Banking Co. v. Empire Lumber Co., 91 Ga. 624, 624, 17 S.E. 968 (1893)); see also Atlas Tack Co. v. Exchange Bank of Macon, 111 Ga. 703, 36 S.E. 939, 940 (1900) (holding that directors of an insolvent corporation are trustees of corporate funds).   The scope of the rule was later extended by Georgia courts, so as to impose a similar duty on managing officers and sole-owners of a corporation.   See Ware, 97 Ga. App. at 838 (recognizing that managing officers of a corporation occupy the same fiduciary position as directors); Fountain, 160 Ga. App. at 262 (explaining that the sole owner and president of a corporation owed similar duty to creditors).

9

O.C.G.A. § 14-2-832, in contrast, provides only for a cause of action against a corporate *director* who votes or assents to a *distribution to shareholders* in violation of the Georgia Business Corporations Code or the articles of incorporation if it is established that he did not perform his duties in compliance with the statutory standards for directors. O.C.G.A. § 14-2-832(a).[1] The statute makes no reference to the rights of creditors, and only discusses liability for distributions to shareholders.  See id. The statute also only allows for liability to be imposed upon *directors*; it does not provide a cause of action for breach of duty against managers, officers, or owners of a corporation as is recognized by common law.  Id.

It is undisputed that Plaintiff has not brought a claim pursuant to O.C.G.A. § 14-2-832.  Plaintiff's claim is based upon the Georgia law charging directors, managers, officers, and sole owners of a corporation "with the duty of conserving and managing the remaining assets *in trust* for the creditors when the corporation becomes insolvent." In re Pharr-Luke, 259 B.R. at 430 (emphasis added).   As shown above, a creditor's cause of action for breach of duty predates O.C.G.A. § 14-2-832 and is broader than the cause of

---

1 The statute provides:  "A director who votes for or assents to a distribution made in violation of Code Section 14-2-640 or the articles of incorporation is personally liable to the corporation for the amount of the distribution that exceeds what could have been distributed without violating Code Section 14-2-640 or the articles of incorporation if it is established that he did not perform his duties in compliance with Code Section 14-2-830. . . ."

action against directors provided by provisions of the Georgia Business Corporations Code, past and present.   See O.C.G.A. § 14-2-832; Deft.'s Reply at pp. 3-4 (discussing the statutory history of O.C.G.A. § 14-2-832); see also Lisa A. Zakolski, *Ga. Jurisprudence: Corporations*, Vol. 6, § 5.39 (updated Sept. 2011) (referencing the different claims that can be made against a director for breach of duty).   Plaintiff's claim is thus not subject to the limitations of O.C.G.A. § 14-2-832.

Plaintiff contends that her claim is, instead, subject to the statute of limitations for breach of trust claims provided in O.C.G.A. § 53-12-307.   This statute actually provides two limitation periods. O.C.G.A. § 53-12-307(a). It first provides that, if a trust beneficiary received a written report providing him with notice of a possible claim for breach of trust, the claim must be brought within two-years of the date the report was received.   Id.   If, however, the circumstance is one in which no written report would be received, the claim may be brought "within six years after the beneficiary discovered, or reasonably should have discovered, the subject of such claim."   Id.

Obviously, the current situation is not one in which a written report would have been received by H&S creditors.   Thus, Plaintiff contends that her "breach of trust" claim has a six-year statute of limitation. See id.   Defendants do not offer any argument in response explaining why this six-year statute of limitation should not be applied to

Plaintiff's claims. (See Deft.s' Reply [Doc. 240] at pp. 2-6).[2]  It indeed appears that the statute of limitations for a creditor's claim against the officers and directors of an insolvent corporation for "breach of trust" should be six years.   Defendants have thus failed to meet their burden of showing that Plaintiff's present claims are barred by the relevant statute of limitations.

III.    Sufficiency of the Evidence

        Defendants' final attack on Plaintiff's claims challenges the sufficiency of Plaintiff's evidence.   The issue raised by Defendants is whether Plaintiff is able to prove that H&S assets were in fact purchased by Horton subsidiaries for less than their actual value.   This very same argument, however, is also the basis of another one of the Horton Defendants' motions for partial summary judgment, which has not yet been considered by the Court.   Because the issue is more fully briefed in the other motion, the Court finds that it is more appropriately addressed in an order on that motion rather than the motion at bar.   The Court will thus decline to address the matter here.

        However, if the Court rules in Defendants' favor after considering their "Motion for Summary Judgment on Ninth Defense: Transfers Were Made for Reasonably

───────────────────

2  To the contrary, Defendants show that former provisions of the Georgia Business Corporations Code which made a director liable to creditors for improper distributions to shareholders (former Ga. Code Ann. § 22-715; O.C.G.A. § 14-2-832), had the same statute of limitations as a claim for breach of trust when no written report is made, six years. (See Deft.s' Reply at pp. 3-4).

12

Equivalent Value" [Doc. 165], Defendants may file a renewed motion on this issue within twenty-one (21) days of the Court's Order on that motion.  At that time, the Court may also request additional briefs explaining why such finding would foreclose Plaintiff's breach of trust claims.[3]  In the event Defendants choose not to renew their motion, the Court will assume that their arguments are waived.

Otherwise, the Court finds that Defendants have failed to demonstrate that they are entitled to summary judgment on "The Preference" claim.  Defendants' Motion for Partial Summary Judgment on Plaintiff's State Law Preference Claim is accordingly **DENIED** in relevant part.

## CONCLUSION

Defendants have failed to persuade the Court that Plaintiff's claims are not recognized by Georgia law or that they are time-barred.  To that extent, the present Motion [Doc. 168] is **DENIED**.  The Court will **RESERVE RULING** on the sufficiency of

---

3  A finding as to the value of the assets sold would likely have no bearing on Plaintiff's claims arising from the alleged $8 million cash transfers from H&S to Horton Homes. It may also have little or no effect on Plaintiff's breach of trust claims arising from the sale of assets. Though such evidence would be relevant to her claim, it seems that Plaintiff does *not* necessarily have to prove that the assets were undervalued to prevail on her breach of trust claim. Plaintiff only has to prove that Defendants breached their duty to conserve and manage the remaining assets in trust for her and other creditors when H&S became insolvent.  If Plaintiff is successful in proving that Defendants disposed of the assets, preferring their own interests over the rights of the H&S creditors, Defendants may be required by law and/or equity to repay H&S a sum sufficient to satisfy Plaintiff's judgment. See Ware, 97 Ga. App. at 838-839.

Plaintiff's evidence, as discussed herein, and that portion of Defendants' motion shall be administratively **DISMISSED**.   However, Defendants may renew their motion, as appropriate, after the Court considers and rules upon their "Motion for Summary Judgment on Ninth Defense: Transfers Were Made for Reasonably Equivalent Value" [Doc. 165].   The Court may also allow the parties to file additional briefs at that time.

With respect to the issues decided herein, the Court finds that the arguments were sufficiently briefed and that no hearing is required.   The parties' Motions for Oral Argument [172 & 178] are, therefore, also **DENIED** in relevant part.

SO ORDERED this 18th day of November, 2011.

S/   C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

jlr