THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERRY CARTRETTE TINDALL, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action |
| : | No.   5:10-CV-044(CAR) |
| H & S HOMES, LLC, et. al., : | |
| : | |
| Defendants. : | |

_____

## ORDER ON MOTION FOR RECONSIDERATION

Currently before the Court is the Horton Defendants' Motion to Reconsider [Doc. 266]. Through this Motion, Defendants seek to have this Court reconsider and amend its September 15, 2011, Order allowing the addition of Beacon Homes, L.L.C. as a named defendant.  Defendants contend that the Court erred by allowing the addition of this party because Plaintiff previously conceded that Beacon Homes could not be added as a party under the "relation-back" doctrine and could thus be dismissed from this action. In her brief, Plaintiff indeed footnoted,

> With regard to the additional party defendant Beacon Homes, LLC, Plaintiff's Second Amended Complaint **cannot relate back** because different provisions apply to the addition of a new party, F.R.C.P. 15(c)(1)(C), which do not cover this situation. **Plaintiff therefore concedes that the statute of limitations applies and that Beacon Homes, LLC,**

1

> **should be dismissed from this action.   The Court may so order without the necessity of Beacon Homes, LLC, filing a motion**.

(Pl's Response [Doc. 226] at p. 9 n. 2) (emphasis added).

The Court has now reviewed its prior Order and finds that it does not specifically address the statute of limitations as it applies to the addition of Beacon Homes in the Amended Complaint.   In its Order, the Court only addresses the statute of limitations with respect to the newly added allegations of successor liability.   The Court stated:

> The fact Defendants were aware that leave to amend had been granted and the proposed amendments were filed during the limitations period also resolves any statute of limitations issues raised by Defendants. If the allegations of successor liability are subject to the statute of limitations, the limitation period was tolled when the Court granted the Motion for Leave to Amend. See Heng v. Donald, 2011 WL 925726 at *9 (M.D. Ga. 2001); Bradley v. Armstrong Rubber Co., 46 F. Supp. 2d 583, 586 (S.D. Miss. 1999) finding that eight month delay in filing amended complaint did not render the claims barred by the statute of limitations when leave to amend was granted and proposed amended complaint had been filed during the limitations period).   In the alternative, the Court finds that the allegations relate back to those facts in the original Complaint.   The new allegations seek to further establish Defendants' liability for the transfers and arose out of the same conduct as those claims included in the original Complaint. See Fed. R. Civ. P. 15(c).

(Sept. 15, 2011, Order at 11‐12).

Thus, contrary to Defendants' assertions, the Court did not improperly allow the addition of Beacon Homes as a party under the relation‐back doctrine.

Indeed, the Court did not need to discuss the relation‐back doctrine at all.   The

2

Court's finding that the relevant statute of limitation was *tolled* at the time the Court granted Plaintiff's Motion for Leave to Amend controls the issue. See Heng v. Donald, 2011 WL 925726 at *9 (M.D. Ga. 2001); Bradley v. Armstrong Rubber Co., 46 F. Supp. 2d 583, 586 (S.D. Miss. 1999). Many federal courts have "held that the filing of a motion to amend a complaint to add additional parties, when accompanied by a copy of the proposed amended complaint, tolls the applicable statute of limitations." Bradley, 46 F. Supp. 2d at 586 (citing Moore v. State of Indiana, 999 F.2d 1125, 1131 (7th Cir. 1993); Mayes v. AT & T Info. Sys., Inc., 867 F.2d 1172, 1172 (8th Cir. 1989); Longo v. Pennsylvania Elec. Co., 618 F. Supp. 87, 89 (W.D. Pa. 1985), aff'd, 856 F.2d 183 (3d Cir. 1988); Eaton Corp. v. Appliance Valves Co., 634 F. Supp. 974, 982–83 (N.D. Ind. 1984), aff'd on other grounds, 790 F.2d 874 (Fed. Cir. 1986)); see also Rademaker v. E.D. Flynn Export Co., 17 F.2d 15, 17 (5th Cir. 1927).[1]  Even if the filing of the Motion to Amend did not, in-and-of itself, toll the limitations period, the Court's granting of that motion within the limitations period did.  See Heng, 2011 WL 925726 at *9 (holding that plaintiff's claims were "filed" when the motion to join was granted by the court and were thus filed within the statute of limitations); Moore, 999 F.2d at 1131 (explaining that amended complaint is filed when court rules on motion to amend).

---

[1] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

3

As the Court found in its original Order, the joinder of Beacon Homes as a party was no surprise, and Defendants suffered no true prejudice by the late filing of the Amended Complaint. In an effort to avoid any prejudice, the Court also provided Beacon Homes leave to file (or join) a motion for summary judgment or, in the alternative, to file a motion for limited discovery. Beacon Homes has apparently chosen to do neither and, in fact, has not yet objected to its being added as a party to this action. The present Motion was filed by the other "Horton Defendants," not Beacon Homes, and raises no objection to the tolling of the statute of limitations under the law applied by this Court.

Defendants' Motion to Reconsider is accordingly **DENIED**.

SO ORDERED this 9th day of January 2012.

                                              S/   C. Ashley Royal
                                              C. ASHLEY ROYAL, JUDGE
                                              UNITED STATES DISTRICT COURT

jlr