THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRY CARTRETTE TINDALL, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action |
| | : | No.   5:10-CV-044(CAR) |
| H & S HOMES, LLC, et. al., | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER ON PLAINTIFF'S PARTIAL
## MOTION FOR SUMMARY JUDGMENT

Currently before the Court is Plaintiff Terry Tindall's Partial Motion for Summary Judgment [Doc. 158].  Through this Motion, Plaintiff contends that she is entitled to judgment with respect to Defendants' alleged "fraudulent attempt to avoid successor liability" through the transfer of H&S assets and conspiracy to do the same.

In the September 15, 2011, "Order on Defendants' Motions to Dismiss and Motion for Judgment on the Pleadings" [Doc. 261], this Court found that Plaintiff may not state an independent tort claim for "fraudulent attempt to avoid successor liability" against Defendants under Georgia law.   The Court did, nonetheless, allow the addition of the new allegations of "fraudulent attempt to avoid successor liability" in Plaintiff's Second Amendment, finding that the allegations could be used to establish Defendants' liability

1

for Plaintiff's existing claims for fraudulent transfer or for the equitable imposition of successor liability.

Ultimately, for the purpose of the present Motion, it does not matter which claims serve as the basis of Plaintiff's Motion Summary Judgment.   Her Motion fails either way.   If Plaintiff seeks judgment on tort claims for "fraudulent attempt to avoid successor liability," her Motion is **DENIED** because no such claims exist as a matter of law.   If, on the other hand, Plaintiff is seeking summary judgment on the issue of successor liability or conspiracy to make fraudulent transfers, her Motion is **DENIED** because there are genuine issues of material facts for a jury to decide with respect to these claims.     Plaintiff's Request for Oral Hearing [Doc 178] is also **DENIED**.

## I.        STANDARD OF REVIEW

Summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

On a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a

genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323.   If the moving party discharges this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991); see Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324 26.   Summary judgment must be entered if the nonmoving party fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex, 477 U.S. at 323.

## II.   PROCEDURAL POSTURE & ANALYSIS OF CLAIMS

The present Motion for Partial Summary Judgment is, like most other things in this case, unnecessarily complex.   This is due in large part to the odd procedural posture in which it was filed and Plaintiff's counsel's inartful pleading and argument.

The Record shows that, in July of 2010, Plaintiff filed a Motion to Amend her Complaint, in which she sought to add a new substantive cause of action based on Defendant's alleged "fraudulent attempt to avoid successor liability." Plaintiff's Motion to Amend was granted by this Court in October 2010.   In its Order, the Court ruled that Plaintiff could "amend her Complaint to add the successor liability claim," and "plead the proposed new allegations as to property transfers."

However, Plaintiff's proposed second amendment was not "deemed filed" at that time, and Plaintiff apparently forgot to formally file or serve her Second Amendment. She, in fact, did not file her Second Amendment until more than seven months later, when she was reminded of her failure by Defendants' Motion for Judgment on the Pleadings [Doc. 161].   Therein, Defendants argued that they were entitled judgment on all claims and allegations proposed to be added by Plaintiff in her Second Amendment because it was never filed with the Court or served on any Defendant.   Oddly enough, by this time, Plaintiff had already filed the present Motion for Partial Summary Judgment, wherein she seeks judgment on claims apparently raised in her Second Amendment.

When the Amendment was finally filed, Defendants moved to dismiss on the grounds that (1) Plaintiff's newly-asserted claim for "fraudulent attempt to avoid successor liability" fails to a state a claim on which relief can be granted; and (2) Plaintiff inexcusably delayed in filing and serving the Amendment.   After fully considering all of Defendants' arguments and the circumstances of the case, the Court agreed that there is no recognized independent cause of action for "fraudulent attempt to avoid successor liability" under Georgia law.   In so doing, this Court explained,

> Successor liability is not a tort.   It is an equitable tool used to transfer liability from a predecessor to a successor.   See Coffman v. Chugach Support Svcs, Inc., 411 F.3d 1231, 1238 (11th Cir. 2005) (noting that

4

"equitable principles underlie the doctrine of successor liability").   In other words, the theory of successor liability merely provides a plaintiff an alternative entity from whom to recover; it does not create a new cause of action against the successor which is independent of the underlying tort. See In re Fairchild Aircraft Corp., 184 B.R. 910, 920 (Bankr. W.D. Tex. 1995) ("successor liability does not create a new cause of action against the purchaser so much as it transfers the liability of the predecessor to the purchaser") (emphasis removed), vacated on other grounds, 220 B.R. 909 (Bankr. W.D. Tex. 1998).

(Order, Sept. 15, 2011 [Doc. 261] at 5.)   The Court denied Defendants' Motions to Dismiss, however, after finding that the allegations in the Amendment still supported Plaintiff's existing claims of fraudulent transfer as well as any claims seeking the equitable imposition of successor liability.   The Court also found that Plaintiff's mistake in filing was caused by a good faith clerical error and that the late filing did not cause Defendants to suffer any prejudice.   (See id. at 8-13).

Unfortunately, Plaintiff's present Motion for Partial Summary Judgment had already been filed by the time the Court ruled that Plaintiff could not state an independent tort claim for "fraudulent attempt to avoid successor liability" under Georgia law.   Defendants, on the other hand, had the luxury of responding to Plaintiff's Motion after the Court's Order was entered and thus had the benefit of the Court's findings when doing so.

On the face of her Motion, Plaintiff plainly argues:

(a) All Defendants are liable to Plaintiff because of their fraudulent attempt to avoid the liability of H&S Homes, L.L.C. to Plaintiff causing the assets of H&S to be transferred to affiliated Defendant companies for the very purpose of escaping such liability.

(b) All Defendants are liable to Plaintiff because each participated in a conspiracy to accomplish (a).

(Pl.'s Motion For Summary Judgment [Doc. 158] at 1). Neither the Court nor Defendants are clear as to what this means exactly or whether any portion of Plaintiff's present Motion is salvageable after the Court's prior Order.

Of course, in so far that Plaintiff seeks summary judgment on a tort claim for "fraudulent attempt to avoid successor liability," the Motion is due to be **DENIED**. There is no such claim. The only remaining issue is whether Plaintiff is entitled to judgment on other claims arising out of the same allegations. For the reason discussed below, the Court finds that she is not.

A. <u>Defendants' Concert Actions "Causing the Assets of H&S to be transferred to affiliated Defendant Companies for the Very Purpose of Escaping such Liability."</u>

As plainly stated above and in this Court's prior Order, Plaintiff's allegations that Defendants worked together "in an attempt to avoid successor liability" and caused "the assets of H&S to be transferred to affiliated Defendant companies for the very purpose of escaping such liability" does not state a new tort claim for fraudulent transfer under Georgia law. The allegations, however, do support Plaintiff's existing claims brought

6

under the Uniform Fraudulent Transfers Act ("UFTA"), 28 O.C.G.A. § 18-2-70, *et. seq.*
As the Court has explained, evidence of an "attempt to avoid successor liability," or a
conspiracy to do the same, may serve as proof that the assets were transferred with the
"intent to hinder, delay, or defraud any creditor of the debtor." 28 O.C.G.A. § 18-2-74(a).

A fair reading of Plaintiff's Motion does not suggest that she is moving for
summary judgment on her UFTA claims, though she does argue that "there is no
genuine issue of material fact" as to whether the dismantling of H&S Homes and
corresponding creation of Triangle Homes "was done for the sole purpose of avoiding
the liability of H&S to Plaintiff."   (Pl's Brief in Support [Doc. 175] at 1).   Regardless, the
Court will decline to rule on the issue of intent in this case.   Whether there is sufficient
evidence to prove Defendants' "intent to hinder, delay, or defraud" Plaintiff is an issue
for the jury to decide.   Georgia Courts have in fact stated that "[i]t is the longstanding
rule in this state that certain issues of fact, such as insolvency and intent, are for the jury
in actions to set aside a fraudulent transfer . . . ." Gillespie v. Sand-Rock Transit, Inc., 292
Ga. App. 661, 661, 665 S.E.2d 385 (2008); see also e.g., Merrell v. Beckwith, 263 Ga. 779,
781, 439 S.E.2d 488 (1994) (holding that evidence of whether borrower conveyed
property with intent to defraud was a jury issue); Gower v. Cohn, 643 F.2d 1146, 1160
(1981) (finding that issue as to existence of requisite intent to defraud creditors under
Georgia law was for jury).

Indeed, while the evidence cited by Plaintiff in her brief and Statement of Facts may create a factual dispute on the issue of intent, it does no more than that. Defendants have similarly cited evidence suggesting that they may have had valid business reasons for their decisions, that the transfers were made in the ordinary course of business and for reasonably equivalent value, and that the officers and directors of Defendants acted both in good faith and on the advice of counsel when they made the transfer decisions.   Summary judgment on the issue of intent is thus **DENIED**.

The Court also briefly noted, in its prior Order, that the allegations in Plaintiff's Second Amendment may support a claim for successor liability.   In both her Second Amendment and the present Motion, Plaintiff repeatedly states that Defendants are liable because of their "fraudulent attempt to avoid the liability of H&S Homes . . . [by] causing the assets of H&S to be transferred to affiliated Defendant companies."   The logical result of a successful claim based on a defendant's "fraudulent attempt to avoid successor liability" through the transfer of assets would seem to be the equitable imposition of successor liability against the purchaser or transferee of the assets fraudulently transferred.   See Bullington v. Union Tool Corp., 254 Ga. 283, 284, 328 S.E.2d 726 (1985) (allowing for successor liability if it is proven that the purchase or transfer of corporate assets was "a fraudulent attempt to avoid successor liabilities"). The Court thus assumes that Plaintiff's stated claim seeks this result.

8

Admittedly, if Plaintiff's intent was to simply state a claim for the equitable imposition of successor liability, her pleading was poorly drafted. It nonetheless appears that this was her intent, as Plaintiff argues that she is entitled to judgment under the law that a "successor corporation is liable to a creditor of the predecessor corporation where the property of the predecessor is transferred to hinder, delay, or defraud creditors." (Pl.'s Brief in Support [Doc. 175] at 21). Georgia law does in fact recognize an exception to the general rule that "a successor is not liable for the debts or liabilities of its predecessor" if it is proven that "the transaction [was] a fraudulent attempt to avoid liabilities." Bullington, 254 Ga. at 284.

To recover under this theory, however, Plaintiff would have to prove both (1) that one or more of the Defendants may be considered "successors" of H&S under Georgia law; and (2) that H&S's property was in fact transferred with a fraudulent intent to avoid liability. See id. Plaintiff has not presented any evidence or argument of the first, and as stated above, the second is a question for the jury to decide. Thus, Plaintiff's Motion for Summary Judgment is also **DENIED** to the extent Plaintiff is pursuing some type of claim for the imposition of successor liability.

   B. Conspiracy to "Cause Assets of H&S to be transferred to affiliated Defendant
      Companies for the Very Purpose of Escaping such Liability."

Plaintiff next seeks summary judgment on a claim based on a "conspiracy" by

Defendants to transfer H&S assets "for the very purpose of escaping successor liability." To recover damages for conspiracy, "a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort." Miller v. Lomax, 266 Ga. App. 93, 103, 596 S.E.2d 232 (Ga. App. 2004) (citation omitted).   "Absent the underlying tort, there can be no liability for civil conspiracy." Id.   Relying on this law, Defendants argue that Plaintiff's conspiracy claims fail because a "fraudulent attempt to avoid successor liability" is not a tort which may support a conspiracy claim.

Defendants' statement of the law is correct, and if they are also correct about the basis of Plaintiff's claim, her Motion is certainly due to be **DENIED**.  Defendants' construction of Plaintiff's Amendment, however, may be too strict.   It appears to the Court that the "fraudulent attempt" language may actually identify the conspiracy, with the underlying tort being the "transfer of assets."  Plaintiff's Second Amendment, in fact, alleges that a "plan" was carried out by the conspirators "to fraudulently transfer property to hinder, delay and defraud Plaintiff," "commit preferences," and "violate the fiduciary duties owed by H&S." (Second Amendment at ¶¶ 82-83).

Again, Plaintiff's Complaint is not well drafted; but, its language does not support Defendants' summary dismissal of her claim.   The actions cited in the Amendment are in fact actionable underlying torts for a conspiracy claim.   See Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1090 (2004) (finding that Georgia law permitted

claim against non-transferee defendant for conspiring with judgment debtor to defraud creditor by hindering its collections of an outstanding debt); <u>Miller v. Lomax</u>, 266 Ga. App. 93, 596 S.E.2d 232, 242 (reversing a grant of summary judgment on a civil conspiracy claim where the defendant transferee had participated "in a scheme to effect fraudulent transfers" in violation of the UFTA).   A conspiracy claim is actionable where "the wrong that underlay the civil conspiracy claim [is] a violation of Georgia's fraudulent transfer statute." <u>Cheptow</u>, 381 F.3d at 1090.

That is not to say, however, that Plaintiff is now entitled to judgment on any conspiracy claim.   Plaintiff has identified evidence (as found in a previous Order) to create a jury question as to whether Defendants engaged in a civil conspiracy; but again, she has done only that.   Plaintiff's undisputed evidence does not establish that she is entitled to judgment on any conspiracy claim as a matter of law.   Indeed, if Defendants' evidence is found credible by the jury, it would likewise be sufficient to authorize a jury finding in their favor.   Plaintiff's Motion is thus **DENIED** on this issue as well.

## CONCLUSION

For all these reasons, Plaintiff's Motion for Summary Judgment is **DENIED**. Because the Court also finds that the issues raised in the present motion were sufficiently briefed by the parties, no further briefing or oral argument is required, and Plaintiff's Request for an Oral Hearing [Doc 178] is also **DENIED**.

With this, the Court has now ruled on the last of the parties' dispositive motions.

This case shall accordingly be set down for a pretrial hearing.

**SO ORDERED** this 3rd day of February, 2012.

S/   C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

jlr

12