THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRY CARTRETTE TINDALL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No.   5:10-CV-044(CAR) |
| H & S HOMES, LLC, et. al., | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER ON MOTION FOR RECONSIDERATION**

Currently before the Court is Plaintiff's "Motion for Reconsideration of the Court's Order Granting the Trust Defendants' Motion for Summary Judgment" [Doc. 284].  In the challenged Order, this Court found that Plaintiff could not maintain civil conspiracy claims against Defendants "The Maude Hicks Family Trust," "The N. Dudley Horton Revocable Trust," and "The Robert Dudley Horton Trust" (herein "the Trusts" or "Trust Defendants"), as she failed to identify sufficient evidence that the Trusts "actually benefitted from or [were] complicit in the conspiracy alleged."  See Miller v. Tranakos, 209 Ga. App. 688, 699 (1993).

Through the present Motion, Plaintiff contends that the Court's finding was erroneous and contrary to Georgia "conspiracy law."  While the Court disagrees with

1

Plaintiff's claim of error, Plaintiff is correct in her explanation of Georgia law. As Plaintiff contends, Georgia law does not require a plaintiff to prove that an alleged co-conspirator actually benefitted from the conspiracy in order to maintain a civil conspiracy claim. See, e.g., Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1090 (11th Cir. 2004) (Georgia law permits civil conspiracy claims against non-transferee aiders and abettors when they are alleged to have conspired with the debtor to defraud the creditor by hindering its collections of an outstanding debt). Plaintiff is also correct that, under Georgia law, the existence of a conspiracy may simply "be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances." Nottingham v. Wrigley, 221 Ga. 386, 388, 114 S.E. 2d 749 (1965). There is no requirement that a plaintiff prove an "express compact or agreement" between the alleged co-conspirators. Id.

Thus, if Plaintiff's claim was a simple conspiracy claim, the Court would have indeed erred in requiring Plaintiff to identify evidence that the Trusts "actually benefitted from or [were] complicit in the conspiracy alleged." See Miller, *supra*. The law cited by Plaintiff, however, is not squarely applicable to her claims. In this instance, Plaintiff seeks to hold a *trust* liable for the alleged conspiratorial acts of its trustee.[1]

---

1 In her original response, Plaintiff essentially argued that the Trusts Defendants may be implicated in the

Because of this, the Court must first inquire whether the Trust Defendants may in fact be held liable for the alleged unlawful acts of Dudley Horton— i.e., whether a trust may be implicated as a conspirator simply because its trustee participated in a conspiracy.

As previously explained, in Georgia, a trust will generally *not* be held liable for the torts of its trustee unless there is some proof that the trust "actually benefitted from or was complicit in the conspiracy alleged." Miller, 209 Ga. App. at 689; see also, Burgess v. James, 73 Ga. App. 857, 859, 38 S.E.2d 637 (1946) ("The general rule in Georgia is that [trust] funds will not be depleted by subjection to liability for the [acts] of a trustee."); Charles R. Adams III, *Georgia Law of Torts*, § 9–2 (2010–2011 ed.) ("The mere fact that the trustee used trust funds to the detriment of third persons does not create liability in the trust; some culpability of the trust beneficiaries must be shown."). Thus, a trust may be required to satisfy a trustee's liability only if it is proven that the trust "actually benefitted from the trustee's misdeeds or [if] some other equity, such as conspiratorial knowledge or unjust enrichment," authorizes an invasion into the trust. Miller, 209 Ga. App. at 689. Proof of a benefit received by the trust must "be more than mere suspicion

---

alleged conspiracy through evidence that Defendant Dudley Horton was the sole trustee of all three Trusts, that the Trusts held a majority ownership interest in Horton Industries, which in turn owned both Horton Homes and H&S, and that Dudley Horton used his power and authority over these Horton companies to make fraudulent transactions – which ultimately protected the Trusts' investment in Horton Industries.  In short, Plaintiff contended that if Dudley Horton is a conspirator, the Trusts are too.  Plaintiff did "not contend that any of the assets were transferred to the trust" or that the trust were liable for conduct other than that of its trustee, Defendant Dudley Horton.  See Pl's Brief in Response [Doc. 218].

arising from circumstances . . . , and must point to specific culpability or, at least, a specifically proved unjust enrichment." Id.

Therefore, in this case, even if the Court assumed that Dudley Horton conspired to enter into fraudulent transactions, his conduct would not automatically implicate the Trusts in the conspiracy. Under Georgia law, Plaintiff was required to identify some evidence that the Trusts actually benefitted from or were complicit in the conspiracy alleged. See id. This could have been accomplished through evidence of either a specific benefit received by the trust, a use of the trust in furtherance of the actual conspiracy, or conspiratorial knowledge or other culpability of a trust beneficiary. See id.

After considering Plaintiff's claims under this standard, the Court determined that Plaintiff had failed to identify sufficient evidence of the Trusts' complicity in the conspiracy or any specific unjust enrichment. Plaintiff's only support for her claim at that time was (1) evidence of the close relationship between the Trusts, Dudley Horton, and the Horton-operated businesses, (2) evidence of Dudley Horton's alleged participation in a conspiracy, and (3) a conclusory, unsupported allegation that the Trusts would have benefitted from Horton's misdeeds. Through this, Plaintiff essentially created no more than a mere suspicion that the Trusts were involved in the conspiracy. Though Plaintiff had presented evidence of an obvious relationship between the Trusts and other alleged conspirators, her evidence did not suggest that the

4

alleged unlawful acts (i.e., "the nature of the acts done") necessarily involved the Trusts or otherwise required Dudley Horton to act in his capacity as trustee. The evidence also failed to show any specific benefit received by the Trusts as a result of the conspiracy (i.e., "a specifically proved unjust enrichment") or that any trust beneficiary had knowledge of or culpability in the alleged conspiracy.

The Court, therefore, does not find any error in its prior Order. Nonetheless, a second review of the parties' arguments did reveal that additional briefing may be necessary. Though the issues analyzed by the Court are essentially the same as those raised on summary judgment, neither party articulated the issues in exactly the same way they were addressed by the Court. As a result, Plaintiff may not have had an adequate opportunity to address all of the issues considered by the Court. Had Plaintiff been aware that the Court was going to focus on the rule discussed in <u>Miller v. Tranakos</u>, 209 Ga. App. 688, 699 (1993), rather than on Georgia's general "conspiracy law," she may have made different arguments or produced additional evidence on summary judgment. This presumption is supported by new facts included in the present Motion, which were not previously identified and may support a conspiracy claim against the Trusts. Indeed, those facts (evidence of benefit to a beneficiary and his knowledge of a withdrawal from that Trust during the time of the alleged conspiracy) would have been highly relevant under the Court's analysis. See <u>id.</u>

Therefore, in the interest of fairness and in an abundance of caution, this Court will allow both parties to file supplemental briefs on the issues raised by the Court and to produce additional evidence, if necessary.  Plaintiff shall have **TWENTY-ONE (21) DAYS** to file a response to this Order, and the Trust Defendants shall then have **FOURTEEN (14) DAYS** to file a reply.  To this extent, Plaintiff's Motion for Reconsideration [Doc. 284] is **GRANTED**.

SO ORDERED this 15th day of March 2012

                                               S/   C. Ashley Royal
                                               C. ASHLEY ROYAL, JUDGE
                                               UNITED STATES DISTRICT COURT

jlr