IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRY CARTRETTE LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| H&S HOMES, LLC, HORTON HOMES, | ) | Civil Action No. 5:10-CV-44-CAR |
| INC., HORTON INDUSTRIES, INC., | ) | |
| N. DUDLEY HORTON, JR., STEVE M. | ) | HON. C. Ashley Royal |
| SINCLAIR, BEST VALUE HOUSING, | ) | |
| INC., HORTON-AMERICAN | ) | |
| PROPERTIES, LLC, TRIANGLE | ) | |
| HOMES, LLC, REGAL HOMES, LLC, | ) | |
| NEW GENERATION HOMES, LLC, | ) | |
| AMERICAN REAL ESTATE | ) | |
| INVESTMENT COMPANY, LTD., L.P., | ) | |
| THE N.D. HORTON REVOCABLE | ) | |
| TRUST and BEACON HOMES, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' SECOND MOTION IN LIMINE: TO EXCLUDE TESTIMONY BEFORE THE JURY REGARDING THE REASONABLENESS OF ATTORNEYS' FEES FROM PETER L. HEARN AND RICHARD M. LOVELACE, AND FOR LEAVE OF COURT TO TAKE DISCOVERY, FILE DAUBERT MOTIONS AND DESIGNATE REBUTTAL WITNESSES IF LOVELACE AND HEARN EXPERT TESTIMONY IS ALLOWED OVER OBJECTION**

NOW COME Defendants H&S Homes, LLC ("H&S Homes") and Steve M. Sinclair ("Defendant Sinclair") (collectively "H&S Defendants") and Horton Homes, Inc. ("Horton Homes"), Horton Industries, Inc., N. Dudley Horton, Jr., Best Value Housing, Inc., Horton-American Properties, LLC, Triangle Homes,

LLC, Regal Homes, LLC, New Generation Homes, LLC, American Real Estate Investment Company, Ltd., L.P., The N. D. Horton Revocable Trust, and Beacon Homes, LLC (collectively "Horton Defendants"), and file their "Brief in Support of Defendants' Second Motion in Limine: To Exclude Testimony Before the Jury Regarding the Reasonableness of Attorneys' Fees from Peter L. Hearn and Richard M. Lovelace, and for Leave of Court to Take Discovery, File *Daubert* Motions and Designate Rebuttal Witnesses if Lovelace and Hearn Expert Testimony is Allowed Over Objection" (the "Second Motion in Limine"), and show the Court as follows:

I.     **INTRODUCTION AND FACTUAL BACKGROUND.**

Plaintiff Terry Cartrette Long's ("Plaintiff") Amended Complaint, which was filed on February 2, 2010, and amended on February 11, 2010, alleges, *inter alia*, that:

> Defendants have acted in bad faith, have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense. Defendants should be required to pay Plaintiff's expense of litigation under O.C.G.A. § 13-6-11.

[ECF No. 1 ¶ 73]

***For the first time in over two years of litigation and on the eve of trial,*** Plaintiff revealed in the August 10, 2010 Proposed Pre-Trial Order ("Pre-Trial Order") that Plaintiff's counsel Peter L. Hearn and Richard M. Lovelace were expected to testify as witnesses on the reasonableness of each other's attorneys' fees. Specifically, Paragraph 18(a)(5)-(6) state that Peter L. Hearn will be present

at trial to testify "on reasonableness of Lovelace attorney's fees" and that Richard M. Lovelace will be present at trial to testify "on reasonableness of Hearn's attorney's fees".  (*See* Pre-Trial Order ¶ 18.).  Neither Lovelace nor Hearn were disclosed as witnesses in the parties' Joint Rule 16(b) and 26(f) Report; nor were these new witnesses disclosed in Plaintiff's responses to Defendants' Interrogatories to Plaintiff.  [ECF No. 24.]  Plaintiff failed to disclose Lovelace and Hearn as experts by the April 1, 2011 deadline to disclose expert witnesses imposed by this Court's February 16, 2011 Scheduling Order.  [ECF No. 138.]  Moreover, neither Lovelace nor Hearn submitted an expert report by the required deadline.

Defendants' will be unfairly prejudiced if Lovelace and Hearn are permitted to testify because Plaintiff failed to timely disclose them as expert witnesses. Because Plaintiff has not produced an expert report prepared by Lovelace or Hearn, and not identified them as witnesses, Plaintiff has deprived Defendants of the opportunity to depose Lovelace and Hearn on their opinions and bases for their opinions either as persons with knowledge or expert witnesses, the opportunity to file *Daubert* motions, and designate a rebuttal witness to Lovelace and Hearn.

As such, the Second Motion in Limine requests that ***the Court rule on the Second Motion in Limine before trial*** to streamline the trial by limiting the evidence at trial to eliminate unnecessary evidentiary fights over the proper scope

of admissible evidence, minimize prejudice to Defendants and to preserve the parties' resources.

***The Second Motion in Limine should be granted pursuant to Fed. R. Civ. P. 26 and 37*** because Plaintiff failed to provide information or identify a witness as required by Rule 26(a); Plaintiff should not be allowed to use that information or witness to supply evidence at trial to the prejudice of Defendants.  In the event that Lovelace and Hearn are allowed to testify at trial over Defendants' objections, the Second Motion in Limine should still be granted for leave to conduct additional discovery with regard to Lovelace and Hearn to avoid further prejudice to Defendants.

Defendants seek an order in limine: (1) excluding testimony from Lovelace and Hearn as expert witnesses on the reasonableness of attorneys' fees at trial; and (2) in the event the Court allows Hearn and Lovelace to testify as expert witnesses on the reasonableness of attorneys' fees over Defendants' objections, for leave to conduct additional discovery with regard to Lovelace and Hearn on the reasonableness of attorneys' fees, file *Daubert* motions and designate rebuttal witnesses.

## II.ARGUMENT AND CITATION OF AUTHORITIES.

Defendants' Second Motion in Limine should be ruled on before trial. Further, the Second Motion in Limine should be granted to prevent undue

prejudice to Defendants because of Plaintiff's untimely disclosure of expert witnesses and failure to produce expert reports.

> **A.    The Court Should Make a Pretrial Ruling on the Admissibility at Trial of  Lovelace's and Hearn's Testimony on the Reasonableness of Attorneys' Fees.**

Fed. R. Evid. 104 provides that "[t]he court must decide any *preliminary question* about whether a witness is qualified, a privilege exists, or evidence is admissible".  (Emphasis added.)  Preliminary questions may be decided at a Fed. R. Civ. P. 16 pretrial conference and upon order of the Court prior to trial.  Fed. R. Civ. P. 16(c)(2) specifically provides for the determination of preliminary questions, including the admissibility of evidence, and states:

> [a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . .
>
> (C)    obtaining admissions and stipulations about facts and documents *to avoid unnecessary proof, and ruling in advance on the admissibility of evidence;* [and]
>
> (D) *avoiding unnecessary proof and cumulative evidence,* and limiting the use of testimony under Federal Rule of Evidence 702.

(Emphasis added).  Fed. R. Civ. P. 16(e) also states that "[t]he court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence".

Aside from the Fed. R. Civ. P. 16(c)(2) pretrial conference, a court may also otherwise issue rulings regarding preliminary questions, including the admissibility of evidence, prior to trial.  *See Gatling v. Roland*, 5:10-CV-55 CAR, 2012 WL 1598039 (M.D. Ga. May 7, 2012); *see also Manual for Complex Litigation (Fourth)* § 11.64 (2004) (court's trial plan "should eliminate, to the extent possible, irrelevant, immaterial, cumulative, and redundant evidence, and should further the clear and efficient presentation of evidence").

In *Gatling*, the Court considered defendants' motion in limine, which objected to the admissibility of five separate categories of evidence.  2012 WL 1598039, at *1.  At the pretrial conference, the Court addressed each of the five categories of evidence and granted the motion in limine as to two categories of evidence, which evidence was excluded from trial.  *Id*.  After the pretrial conference, but prior to trial, the Court issued an order on the admissibility of the three additional categories of evidence, including one order that determined certain evidence was admissible for one purpose, but inadmissible for another purpose, which necessitated a limiting instruction to the jury.  *Id*. at *4.

> **B. Defendants' Objection to Lovelace's and Hearn's Testimony on the Reasonableness of Attorneys' Fees Must be Sustained Because Plaintiff Failed to Timely Disclose These Witnesses or Produce Expert Reports Such That Defendants Have Been Unfairly Prejudiced.**

Plaintiff has impermissibly failed to disclose Lovelace or Hearn as an expert witness on the reasonableness of fees or produce expert reports on the same over one year after disclosures were due pursuant to Fed. R. Civ. P. 26 and this Court's February 16, 2011 Scheduling Order.  Attorneys' fees are reasonable if they are consistent with "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *American Civil Liberties Union v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999).  While proof of the market rate may be comprised of testimony from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work, "an attorneys' fees expert must … meet the requirements of Rule 702 of the Federal Rules of Evidence."  *Travelers Indem. Co. of Illinois v. Royal Oak Enterprises, Inc.*, No. 5:02-cv-58, 2004 WL 3770571, at *3 (M.D.Fla. Aug. 20, 2004).

Rule 26(a)(2)(D) requires a party to disclose to the other parties the identity of any expert witness "at the times and in the sequence that the Court orders." *Id.* Moreover, Rule 26(a)(2) requires that a report, signed by the expert witness, must accompany the disclosure of each expert witness.  Fed. R. Civ. P. 26(a)(2).  The

report "must contain," among other things:  "(i) a complete statement of all the opinions the witness will express and the basis and reasons for them; and (ii) the data or other information considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B).  "A party must make these disclosures *at the time and in the sequence that the court orders. . . .*" *Cochran v. The Brinkmann Corporation,* 1:08-cv-1790-WSD*,* 2009 U.S. Dist. LEXIS 114895, at *13 (N.D. Ga. Dec. 9, 2009) (citing Fed. R. Civ. Proc. 26(a)(2)(C)(emphasis supplied).)  A party also must supplement or correct its disclosure "in a *timely manner* if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." *Cochran,* 2009 U.S. Dist. LEXIS 114895, at *13 (citing Fed.R.Civ.Proc. 26(e)(1)).

Under Rule 37(c)(1), when a "party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  District Courts routinely exclude expert reports or witnesses that are not timely disclosed. *See, e.g., Roberts v. Scott Fetzer Co.,* No. 4:07-CV-80, 2010 WL 3546499, at *6 (M.D.Ga. Sept. 7, 2010) (excluding expert testimony and report that were not timely disclosed); *Dale v. General Motors Corp.*, 109 F. Supp. 2d 1376, 1383-1385 (N.D.Ga. 1999) (precluding as untimely plaintiff's proposed expert testimony where plaintiff did not disclose experts' identities until two

months after the close of discovery and even failed to provide qualifications, proposed testimony, and basis for testimony; disclosure during discovery of type of testimony expected to be offered was insufficient).

By not disclosing Lovelace and Hearn as experts on the reasonableness of attorneys' fees until the eve of trial, Plaintiff and her counsel have prejudiced Defendants by denying them the opportunity for discovery on Lovelace's and Hearn's opinions on the reasonableness of attorneys' fees and the basis for those opinions and by denying Defendants the opportunity to designate rebuttal witnesses.  Thus, testimony from Lovelace and Hearn on the reasonableness of attorneys' fees must be excluded.  *See* Fed. R. Civ. P. 26, 37.

### C. Defendants Are Entitled to Leave to Conduct Additional Discovery, File *Daubert* Motions and Designate Rebuttal Witnesses Should the Court Allow Lovelace and Hearn to Testify Over Defendants' Objections.

As shown in Section II.B., Defendants would suffer prejudice should Lovelace and Hearn testify as to the reasonableness of fees after only being disclosed as expert witnesses on the eve of trial.  Should the Court allow Lovelace and Hearn to testify as to the reasonableness of attorneys' fees over Defendants' objections, the Court should grant Defendants leave to conduct additional discovery on Lovelace's and Hearn's opinions on the reasonableness of fees and the basis for these opinions.  Defendants should also be permitted to file *Daubert* motions, and if necessary designate rebuttal witnesses.

## III. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Second Motion in Limine.

Dated this 14th day of August, 2012.

        Respectfully submitted:

By: *s/ Jimmy L. Paul*
    JIMMY L. PAUL
    *Georgia Bar No. 567600*

Chamberlain, Hrdlicka, White,
    Williams & Aughtry
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (facsimile)
jimmy.paul@chamberlainlaw.com

By: *s/ John T. McGoldrick, Jr.*
    JOHN T. McGOLDRICK, JR.
    *Georgia Bar No. 492650*

Martin Snow, LLP
240 Third Street
Macon, Georgia 31201
(478) 749-1716
(478) 743-4204 (facsimile)
jtmcgoldrick@martinsnow.com

*Counsel for Defendants Horton Homes, Inc., Horton Industries, Inc., N. Dudley Horton, Jr., Best Value Housing, Inc., Horton-American Properties, LLC, Triangle Homes, LLC, Regal Homes, LLC, New Generation Homes, LLC; American Real Estate Investment Company, Ltd., L.P., The N. D. Horton Revocable Trust, and Beacon Homes, LLC*

By: *s/ Duke R. Groover*
DUKE R. GROOVER
*Georgia Bar No. 313225*
LEE M. GILLIS, JR.
*Georgia Bar No. 217515*

James Bates Brannan & Groover, LLP
231 Riverside Drive
Macon, Georgia  31202-4283
(478) 749-9931
(478) 742-8720 (facsimile)
dgroover@jamesbatesllp.com
lgillis@jamesbatesllp.com

*Counsel for Defendants H&S Homes, LLC and Steve M. Sinclair*

1060577v1

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned has filed a true and correct copy of "BRIEF IN SUPPORT OF DEFENDANTS' SECOND MOTION IN LIMINE: TO EXCLUDE TESTIMONY BEFORE THE JURY REGARDING THE REASONABLENESS OF ATTORNEYS' FEES FROM PETER L. HEARN AND RICHARD M. LOVELACE, AND FOR LEAVE OF COURT TO TAKE DISCOVERY, FILE DAUBERT MOTIONS AND DESIGNATE REBUTTAL WITNESSES IF LOVELACE AND HEARN EXPERT TESTIMONY IS ALLOWED OVER OBJECTION" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| F. Kennedy Hall | Richard M. Lovelace, Jr. |
| Hall, Bloch, Garland &Meyer, LLP | Law Offices of Richard M. Lovelace |
| 577 Mulberry Street, Suite 1500 | P.O. Box 1704 |
| Macon, Georgia  31208-5088 | Conway, South Carolina 29526 |
| | |
| Duke R. Groover, Jr. | Peter L. Hearn |
| James Bates Brannan & Groover, LLP | Hearn, Brittain & Martin, P.A. |
| 231 Riverside Drive | 1206 Third Avenue |
| Macon, Georgia  31201 | Conway, South Carolina 29526 |

Dated this 14th day of August, 2012.

By:   */s/ Jimmy L. Paul*
JIMMY L. PAUL
*Georgia Bar No. 567600*

Chamberlain, Hrdlicka, White, Williams & Aughtry
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (facsimile)
jimmy.paul@chamberlainlaw.com