IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRY CARTRETTE LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| H&S HOMES, LLC, HORTON HOMES, | ) | Civil Action No. 5:10-CV-44-CAR |
| INC., HORTON INDUSTRIES, INC., | ) | |
| N. DUDLEY HORTON, JR., STEVE M. | ) | HON. C. Ashley Royal |
| SINCLAIR, BEST VALUE HOUSING, | ) | |
| INC., HORTON-AMERICAN | ) | |
| PROPERTIES, LLC, TRIANGLE | ) | |
| HOMES, LLC, REGAL HOMES, LLC, | ) | |
| NEW GENERATION HOMES, LLC, | ) | |
| AMERICAN REAL ESTATE | ) | |
| INVESTMENT COMPANY, LTD., L.P., | ) | |
| THE N.D. HORTON REVOCABLE | ) | |
| TRUST and BEACON HOMES, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' ELEVENTH MOTION IN
LIMINE: TO EXCLUDE TESTIMONY BEFORE THE JURY OF
ATTORNEY F. KENNEDY HALL REGARDING OPINIONS ON THE
REASONABLENESS OF ATTORNEYS' FEES AND PLAINTIFFS'
SUBSTANTIVE CLAIM FOR ATTORNEYS' FEES UNDER O.C.G.A. § 13-
6-11, AND FOR LEAVE TO TAKE DISCOVERY, FILE A DAUBERT
MOTION AND DESIGNATE REBUTTAL WITNESSES IN THE EVENT
TESTIMONY IS ALLOWED OVER OBJECTIONS.**

NOW COME Defendants H&S Homes, LLC ("H&S Homes") and Steve M.

Sinclair ("Defendant Sinclair") (collectively "H&S Defendants") and Horton

Homes, Inc. ("Horton Homes"), Horton Industries, Inc., N. Dudley Horton, Jr.,

Best Value Housing, Inc., Horton-American Properties, LLC, Triangle Homes, LLC, Regal Homes, LLC, New Generation Homes, LLC, American Real Estate Investment Company, Ltd., L.P., The N. D. Horton Revocable Trust, and Beacon Homes, LLC (collectively "Horton Defendants"),  and file their "Brief in Support of Defendants' Eleventh Motion in Limine: To Exclude Testimony Before the Jury from F. Kennedy Hall Regarding Opinions on the Reasonableness of Attorneys' Fees and Plaintiff's Substantive Claim for Attorneys' Fees Under O.C.G.A. § 13-6-11, and for Leave of Court to Take Discovery, File a Daubert Motion, and Designate Rebuttal Witnesses In The Event Testimony Is Allowed Over Objections" (the Eleventh Motion in Limine"), and show the Court as follows:

## I.    INTRODUCTION AND FACTUAL BACKGROUND.

Plaintiff Terry Cartrette Long's ("Plaintiff") Amended Complaint, which was filed on February 2, 2010, and amended on February 11, 2010, alleges, *inter alia*, that:

> Defendants have acted in bad faith, have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense.  Defendants should be required to pay Plaintiff's expense of litigation under O.C.G.A. § 13-6-11.

[ECF No. 1 ¶ 30]

***For the first time in over two years of litigation and on the eve of trial*,** Plaintiff revealed in Paragraph 18 of the August 10, 2010 Proposed Pre-Trial Order ("Pre-Trial Order") that Plaintiff's counsel F. Kennedy Hall was expected to testify

"on attorneys' fees".  Plaintiff did not disclose Hall as a witness in the parties' Joint Rule 16(b) and 26(f) Report or in any of Plaintiff's responses to Defendants' Interrogatory to Plaintiff.  [ECF No. 24.]  Plaintiff has not supplemented her Interrogatories responses to include Hall as a witness.  Further, Plaintiff failed to disclose Hall as an expert by the April 1, 2011 deadline to disclose expert witnesses imposed by this Court's February 16, 2011 Scheduling Order.  [ECF No. 138.]  Similarly, Hall has not submitted an expert report by the required deadline.

Although the Pre-Trial Order is vague as to the exact scope of the subject matter on which Plaintiff offers Hall's testimony, Defendants reasonably anticipate that Hall may attempt to testify to his opinion on the following: (1) the reasonableness of attorneys' fees; and/or (2) Plaintiff's substantive claim for attorneys' fees under O.C.G.A. § 13-6-11 based on bad faith, stubborn litigiousness and unnecessary trouble and expense.

The Eleventh Motion in Limine requests that the Court rule on the Eleventh Motion in Limine before trial to streamline the trial by limiting the evidence at trial to eliminate unnecessary evidentiary fights over the proper scope of admissible evidence, minimize prejudice to Defendants and to preserve the parties' resources.

To the extent that Plaintiff offers Hall as a witness to testify to his opinion on the "reasonableness of attorneys' fees", the Eleventh Motion in Limine should be granted pursuant to Fed. R. Civ. P. 26 and 37 because Plaintiff failed to provide

information or identify a witness as required by Rule 26(a); Plaintiff should not be allowed to use that information or witness to supply evidence at trial to the prejudice of Defendants.

To the extent that Plaintiff offers Hall as a witness to testify to his opinion on Plaintiff's substantive claim for attorneys' fees under O.C.G.A. § 13-6-11 based on bad faith, stubborn litigiousness and unnecessary trouble and expense, the Eleventh Motion in Limine should be granted pursuant to Fed. R. Evid. 402 because Halls' testimony on whether Plaintiff's are entitled to fees is argument and not "relevant evidence".  Further, the Eleventh Motion in Limine should be granted to the extent that Plaintiff attempts to offer opinion testimony about legal conclusions or the legal implications of evidence, which are inadmissible under Fed. R. Evid. 704.

Defendants seek an order in limine: (1) excluding testimony from Hall as an expert witness on the reasonableness of attorneys' fees at trial; (2) excluding testimony from Hall as to Plaintiff's substantive claim for attorneys' fees under O.C.G.A. § 13-6-11 based on bad faith, stubborn litigiousness and unnecessary trouble and expense; and (3) in the event the Court allows Hall to testify over Defendants' objections, for leave to conduct additional discovery with regard to the subject matter of Hall's anticipated testimony, and if necessary file a Daubert motion and designate rebuttal witnesses.

## II.   ARGUMENT AND CITATION OF AUTHORITIES.

Defendants' Eleventh Motion in Limine should be ruled on before trial.  To the extent that Plaintiff offers Hall's opinion testimony on the "reasonableness of attorneys' fees", the Eleventh Motion in Limine should be granted to prevent undue prejudice to Defendants because of Plaintiff's untimely disclosure of expert witnesses and failure to produce expert reports. To the extent that Plaintiff offers Hall's opinion testimony on Plaintiff's substantive claim for attorneys' fees under O.C.G.A. § 13-6-11, the Eleventh Motion in Limine should be granted to prevent Hall from impermissibly offering arguments as evidence or legal conclusions to the jury.

### A.   The Court Should Make a Pretrial Ruling on the Admissibility at Trial of  Hall's Testimony on Attorneys' Fees.

Fed. R. Evid. 104 provides that "[t]he court must decide any *preliminary question* about whether a witness is qualified, a privilege exists, or evidence is admissible".  (Emphasis added.)  Preliminary questions may be decided at a Fed. R. Civ. P. 16 pretrial conference and upon order of the Court prior to trial.  Fed. R. Civ. P. 16(c)(2) specifically provides for the determination of preliminary questions, including the admissibility of evidence, and states:

> [a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . .

- 5 -

(C)   obtaining admissions and stipulations about facts and documents *to avoid unnecessary proof, and ruling in advance on the admissibility of evidence;* [and]

(D) *avoiding unnecessary proof and cumulative evidence,* and limiting the use of testimony under Federal Rule of Evidence 702.

(Emphasis added).  Fed. R. Civ. P. 16(e) also states that "[t]he court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence".

Aside from the Fed. R. Civ. P. 16(c)(2) pretrial conference, a court may also otherwise issue rulings regarding preliminary questions, including the admissibility of evidence, prior to trial.  *See Gatling v. Roland*, 5:10-CV-55 CAR, 2012 WL 1598039 (M.D. Ga. May 7, 2012); *see also Manual for Complex Litigation (Fourth)* § 11.64 (2004) (court's trial plan "should eliminate, to the extent possible, irrelevant, immaterial, cumulative, and redundant evidence, and should further the clear and efficient presentation of evidence").

In *Gatling*, the Court considered defendants' motion in limine, which objected to the admissibility of five separate categories of evidence.  2012 WL 1598039, at *1.  At the pretrial conference, the Court addressed each of the five categories of evidence and granted the motion in limine as to two categories of evidence, which evidence was excluded from trial.  *Id*.  After the pretrial conference, but prior to trial, the Court issued an order on the admissibility of the

- 6 -

three additional categories of evidence, including one order that determined certain evidence was admissible for one purpose, but inadmissible for another purpose, which necessitated a limiting instruction to the jury. *Id*. at *4.

**B.      Defendants' Objection to Hall's Testimony on the Reasonableness of Attorneys' Fees Must be Sustained Because Plaintiff Failed to Timely Disclose This Expert Witness or Produce Expert Reports Such That Defendants Have Been Unfairly Prejudiced by Plaintiff's Nondisclosure.**

To the extent that Plaintiff seeks to offer Hall's testimony as an expert on the reasonableness of attorneys' fees, Plaintiff has impermissibly failed to disclose Hall as an expert witness or produce expert reports on the reasonableness of attorneys fees over one year after disclosures were due pursuant to Fed. R. Civ. P. 26 and this Court's February 16, 2011 Scheduling Order.  Attorneys' fees are reasonable if they are consistent with "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *American Civil Liberties Union v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999).  While proof of the market rate may be comprised of testimony from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work, "an attorneys' fees expert must … meet the requirements of Rule 702 of the Federal Rules of Evidence." *Travelers Indem. Co. of Illinois v. Royal Oak Enterprises, Inc.*, No. 5:02-cv-58, 2004 WL 3770571, at *3 (M.D.Fla. Aug. 20, 2004).

Rule 26(a)(2)(C) requires a party to disclose to the other parties the identity of any expert witness "at the times and in the sequence that the Court orders." *Id.* Moreover, Rule 26(a)(2) requires that a report, signed by the expert witness, must accompany the disclosure of each expert witness. Fed. R. Civ. P. 26(a)(2). The report "must contain," among other things: "(i) a complete statement of all the opinions the witness will express and the basis and reasons for them; and (ii) the data or other information considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures *at the time and in the sequence that the court orders. . . ." Cochran v. The Brinkmann Corporation,* 1:08-cv-1790-WSD, 2009 U.S. Dist. LEXIS 114895, at *13 (N.D. Ga. Dec. 9, 2009) (citing Fed. R. Civ. Proc. 26(a)(2)(C)(emphasis supplied).)   A party also must supplement or correct its disclosure "in a *timely manner* if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." *Cochran,* 2009 U.S. Dist. LEXIS 114895, at *13 (citing Fed.R.Civ.Proc. 26(e)(1)).

Under Rule 37(c)(1), when a "party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)**.** District Courts routinely exclude expert reports or witnesses that are not timely disclosed. *See, e.g., Roberts v. Scott Fetzer Co.,* No. 4:07-CV-80, 2010 WL

3546499, at *6 (M.D.Ga. Sept. 7, 2010) (excluding expert testimony and report that were not timely disclosed); *Dale v. General Motors Corp.*, 109 F. Supp. 2d 1376, 1383-1385 (N.D.Ga. 1999) (precluding as untimely plaintiff's proposed expert testimony where plaintiff did not disclose experts' identities until two months after the close of discovery and even failed to provide qualifications, proposed testimony, and basis for testimony; disclosure during discovery of type of testimony expected to be offered was insufficient).

By not disclosing Hall as an expert witness on the reasonableness of attorneys' fees until the eve of trial, Plaintiff and her counsel have prejudiced Defendants by denying them the opportunity for discovery on Hall's opinions on the reasonableness of attorneys' fees and the basis for those opinions and by denying Defendants the opportunity to file a Daubert motion and to designate rebuttal witnesses. Thus, testimony from Hall on the reasonableness of attorneys' fees must be excluded. *See* Fed. R. Civ. P. 26, 37.

### C. <u>Defendants' Objection to Hall's Testimony on Plaintiff's Substantive Claim for Attorneys' Fees Under O.C.G.A. § 13-6-11 Based on Bad Faith, Stubborn Litigiousness and Unnecessary Trouble and Expense Should be Sustained Because: (i) Counsel's Argument is Not "Relevant Evidence" Under Rule 402; and (ii) Legal Conclusions are Inadmissible Opinion Testimony Under 704.</u>

To the extent that Plaintiff seeks to offer Hall's opinion testimony on Plaintiff's substantive claim for attorneys' fees under O.C.G.A. § 13-6-11 based on

bad faith, stubborn litigiousness and unnecessary trouble and expense, Plaintiff should be prevented from offering such testimony to a jury for two independent reasons.

*First,* only relevant "evidence" is admissible under Fed. R. Evid. 402. However, the law is well-established that argument from counsel is not "evidence" under the Federal Rules of Evidence.  *See, e.g., Philip Morris, Inc. v. Brown & Williamson Tobacco Corp.*, 641 F. Supp. 1438 (M.D.Ga. 1986) (finding that oral or written argument of counsel should not be accorded evidentiary weight); *see generally* 22 C. Wright & K. Graham*, Federal Practice and Procedure* § 5163 at 29 (1978) ("It is also well-understood today that the arguments of counsel are not evidence.")  To the extent that Plaintiff would offer Hall's opinion testimony on the stand as to whether Defendants' alleged conduct amounted to bad faith or stubborn litigiousness or caused Plaintiff unnecessary trouble and expense under O.C.G.A. § 13-6-11, such testimony is argument and not evidence, and must be excluded.

*Second*, in general, opinion testimony on an ultimate fact, couched in terms of a legal standard or legal conclusion, is inadmissible under Fed. R. Evid. 704. *See, e.g, Montgomery v. Aetna Cas. & Sur. Co,* 898 F.2d 1537, 1541 (11th Cir. 1999).  To the extent that Plaintiff would offer Hall's opinion testimony on the stand as to whether Defendants' alleged conduct amounted to bad faith or stubborn

litigiousness or caused Plaintiff unnecessary trouble and expense under O.C.G.A. § 13-6-11, such testimony is a legal conclusion and must be excluded before the jury.

**D.** **Should the Court Allow Hall to Testify Over Defendants' Objections, Defendants Are Entitled to Leave to Take Discovery, File a Daubert Motion and Designate a Rebuttal Witness.**

As shown in Section II.B., Defendants would suffer prejudice should Hall be allowed to testify as an expert on the reasonableness of fees after only being disclosed as an expert witness on the eve of trial.  Further, as shown in Section II.C., to the extent Hall's testimony relates to Plaintiff's substantive claim for attorneys' fees under O.C.G.A. § 13-6-11 based on bad faith, stubborn litigiousness and unnecessary trouble and expense, such testimony should be excluded as argument and/or impermissible legal conclusions.  Should the Court allow Hall to testify over Defendants' objections, the Court should grant Defendants leave to conduct additional discovery regarding Hall's testimony; in addition, Defendants should be granted leave to file a Daubert motion and designate rebuttal witnesses.

## III.   CONCLUSION.

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Eleventh Motion in Limine.

Dated this 14th day of August, 2012.

Respectfully submitted:

By:  _s/ Jimmy L. Paul_

JIMMY L. PAUL
*Georgia Bar No. 567600*

Chamberlain, Hrdlicka, White,
      Williams & Aughtry
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (facsimile)
jimmy.paul@chamberlainlaw.com


By:  *s/ John T. McGoldrick*
      JOHN T. McGOLDRICK, JR.
      *Georgia Bar No. 492650*

Martin Snow, LLP
240 Third Street
Macon, Georgia 31201
(478) 749-1716
(478) 743-4204 (facsimile)
jtmcgoldrick@martinsnow.com


*Counsel for Defendants Horton Homes, Inc., Horton Industries, Inc., N. Dudley Horton, Jr., Best Value Housing, Inc., Horton-American Properties, LLC, Triangle Homes, LLC, Regal Homes, LLC, New Generation Homes, LLC; American Real Estate Investment Company, Ltd., L.P., The N. D. Horton Revocable Trust, and Beacon Homes, LLC*


By:  *s/ Duke R. Groover*
      DUKE R. GROOVER
      *Georgia Bar No. 313225*
      LEE M. GILLIS, JR.
      *Georgia Bar No. 217515*

- 12 -

James Bates Brannan & Groover, LLP
231 Riverside Drive
Macon, Georgia  31202-4283
(478) 749-9931
(478) 742-8720 (facsimile)
dgroover@jamesbatesllp.com
lgillis@jamesbatesllp.com

*Counsel for Defendants H&S Homes, LLC and Steve M. Sinclair*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date the undersigned has filed a true and correct copy of "BRIEF IN SUPPORT OF DEFENDANTS' ELEVENTH MOTION IN LIMINE: TO EXCLUDE TESTIMONY BEFORE THE JURY OF ATTORNEY F. KENNEDY HALL REGARDING OPINIONS ON THE REASONABLENESS OF ATTORNEYS' FEES AND PLAINTIFFS' SUBSTANTIVE CLAIM FOR ATTORNEYS' FEES UNDER O.C.G.A. § 13-6-11, AND FOR LEAVE TO TAKE DISCOVERY, FILE A DAUBERT MOTION AND DESIGNATE REBUTTAL WITNESSES IN THE EVENT TESTIMONY IS ALLOWED OVER OBJECTIONS" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

F. Kennedy Hall
Hall, Bloch, Garland &Meyer, LLP
577 Mulberry Street, Suite 1500
Macon, Georgia  31208-5088

Richard M. Lovelace, Jr.
Law Offices of Richard M. Lovelace
P.O. Box 1704
Conway, South Carolina 29526

Duke R. Groover, Jr.
James Bates Brannan & Groover, LLP
231 Riverside Drive
Macon, Georgia  31201

Peter L. Hearn
Hearn, Brittain & Martin, P.A.
1206 Third Avenue
Conway, South Carolina 29526

Dated this 14th day of August, 2012.

By:    _/s/ Jimmy L. Paul_____
JIMMY L. PAUL
*Georgia Bar No. 567600*

Chamberlain, Hrdlicka, White, Williams & Aughtry
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (facsimile)
jimmy.paul@chamberlainlaw.com
1061989_1.DOCX