THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRY CARTRETTE TINDALL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No.  5:10-CV-044(CAR) |
| H & S HOMES, LLC, et. al., | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER ON MOTIONS TO EXCLUDE ATTORNEY
TESTIMONY REGARDING ATTORNEYS' FEES**

Currently before the Court are Defendants' Motions in Limine [ECF Nos. 337 & 345] to exclude the testimony of Plaintiff's counsel regarding the amount and reasonableness of Plaintiff's attorneys' fees.  Though Defendants do not object to the relevance of this testimony, Defendants do object to Plaintiff's late disclosure of counsels' intent to testify as to these matters at trial.  Defendants contend that the testimony must be excluded under Rule 26 of the Federal Rules of Civil Procedure.

Defendants are of course correct that the reasonableness and necessity of the expenses of litigation and attorney fees are matters for expert opinion, and thus, if allowed to testify, Plaintiff's attorneys will be offering expert testimony at trial. <u>American Med. Transp. Grp., Inc. v. Glo‐An, Inc.</u>, 235 Ga. App. 464, 466‐67, 509 S.E.2d

1

738 (1998). Counsels' intent to testify at trial should have accordingly been disclosed pursuant to Rule 26, and an expert report should have been filed.   See Fed. R. Civ. P. 26.

This Court, however, has wide discretion to admit expert testimony even though there has been a failure to comply with Rule 26.   See McSweeney v. Kahn, 347 F. App'x 437, 442 (11th Cir. 2009) (citing Evans v. Mathis Funeral Home, Inc., 996 F.2d 266, 268 (11th Cir. 1993)).   This is especially true where the failure is justified or the opposing party will suffer no prejudice as a result of the late admission. See Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").   Plaintiff's failure here is both understandable and harmless.

The Court can understand Plaintiff's counsel's assumption that Defendants were aware of their intent to testify as to attorneys' fees and that they need not be disclosed as expert witnesses under Rule 26.   Defendants have in fact known about Plaintiff's substantive claim for attorneys' fees under O.C.G.A. § 13-6-11 since the very beginning of this case.   The award of attorney fees as damages under this Code section is a jury question, and thus to prevail on this claim, Plaintiff must "prove the actual costs incurred and the reasonableness of those costs." Koncul Enter. Inc. v. Nationscredit Fin. Svcs. Corp., No. 400CV141, 2001 WL 34052996, at *8 (S.D. Ga. Aug. 13, 2001) (citing Davis

2

v. S. Exposition Mgmt. Co., 232 Ga. App. 773, 776, 503 S.E.2d 649 (1998)).  To do this, Plaintiff's attorneys must present enough evidence to enable Defendants to "confront and challenge [their] testimony as to the value and need for legal services." Id. (citing Oden v. Legacy Ford-Mercury, Inc., 222 Ga. App. 666, 668, 476 S.E.2d 43 (1996)).  This requires that the evidence be "sufficiently particular" and include (1) a "description of services performed, and the corresponding time spent performing those services; (2) a showing that "the fees sought are sufficiently allocated between successful and unsuccessful claims"; and (3) "evidence showing the reasonableness of the fees/expenses." Koncul, 2001 WL 34052996 at *8.

This showing may naturally require the presentation of evidence and testimony from Plaintiff's attorneys at the second stage of the trial. See id.; Sims v. GT Architecture Contractors Corp., 292 Ga. App. 94, 96, 663 S.E.2d 797 (2008) (award of fees under § 13–6–11 "cannot stand where the plaintiff fails to prove the actual costs of his attorneys and the reasonableness of those costs").  Thus, Defendants should not have been extremely surprised that Plaintiff's attorneys intended to testify about these matters at trial. See McSweeney, 347 F. App'x at 442.  The practice is apparently not unusual in state court. See e.g., Terrell v. Pippart, 314 Ga. App. 483, 484-85, 724 S.E.2d 802 (2012) (finding error in the award of fees where plaintiff's "counsel testified only to his total fees" and did not delineate the amount of time spent on the one successful cause of action); 4WD Parts

3

Ctr., Inc. v. Mackendrick, 260 Ga. App. 340, 345, 579 S.E.2d 772 (2003) (upholding award of fees where plaintiff's attorney offered evidence at trial concerning attorney fees and defendant cross-examined plaintiff's attorney about his rates and number of hours worked on case).  Plaintiff's attorneys are certainly the most qualified witnesses to testify as to the amount and value of the legal services they provided. See id.

Moreover, this is one of those cases where Georgia substantive law and the Federal Rules collide, which may have created further procedural confusion for Plaintiff's counsel.  The Federal Rules of Procedure do not expressly contemplate this type of expert testimony because the amount of attorney's fees is not generally a jury question in federal court.  On the other hand, if Plaintiff's attorneys were to submit expert reports at the start of this case, as required by Rule 26, the report would contain little relevant information and would not represent the testimony to be given at trial.  Unlike other types of expert testimony, any opinion offered as to the amount or reasonableness of the fees charged cannot be formed until the case is largely completed and those expenses have been incurred.

For this reason, the Court also finds that Defendants will not be prejudiced by the late disclosure.  Again, though the claim for attorneys' fees has been part of the case since it was filed, Plaintiff's attorneys are just now in a position to provide Defendants with an accurate accounting of the pre-trial fees incurred.   And, because this testimony

4

will not be offered until the damages phase of the trial, Defendants have sufficient time to review any evidence produced by Plaintiff's attorneys and to take their depositions if necessary.

Defendants' Motions in Limine are thus **DENIED** in part and **GRANTED** in part. They are **DENIED** to the extent that Defendants sought exclusion of the testimony and leave to file a <u>Daubert</u> motion, but **GRANTED** as to Defendants' request for leave to conduct additional discovery. Plaintiff's attorneys Richard Lovelace, Peter Hearn, and Ken Hall shall provide Defendants with their expert reports as required by Rule 26 and make themselves available for deposition if necessary.

It is **SO ORDERED** this 22nd day of August, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr